[No. 4957.]

## ALVIN SANBORN et al. *v.* DAVID BELDEN, Judge of the Twentieth Judicial District.

Eminent Domain.—When land is sought to be taken for a public use by a private corporation under proceedings in the exercise of the right of eminent domain, the court has no power to make a preliminary order placing the corporation in possession of the land during the pendency of the proceedings upon giving security to pay damages, nor has the Legislature any power to confer such authority.

Idem.—If such order is made, and the corporation acts on it, it is a taking of private property for a public use.

Idem.—The question not decided whether, when property is taken for a public use by the State or a municipal corporation, pecuniary compensation must be tendered before actual taking.

The Santa Cruz Railroad Company commenced proceedings in the Twentieth District Court, County of Santa Cruz, to condemn certain lands of Sanborn and others for the use of its road. After summons had been served, the court made an order under section 1254 of the Code of Civil Procedure, authorizing the company to take possession of and use the land sought to be condemned until the final conclusion of the proceedings, upon giving bonds to pay damages. The bonds were given and approved, and a writ of assistance issued out of the court to the sheriff, who, by virtue thereof, placed the railroad company in possession of the land. The owners of the land thereupon obtained a writ to have the proceedings certified to the Supreme Court for review.

*T. B. Bishop,* for Petitioners.

The acts complained of constituted a taking of private property for public use, within the meaning of the Constitution. (*Davis* v. *San Lorenzo R. R. Co.,* 47 Cal. 517; *Bloodgood* v. *Mohawk Valley R. R. Co.,* 18 Wend., marg. p. 34, opinion of Senator Mason; marg. p. 26, opinion of Senator Edwards; *Eaton* v. *B. C. & M. R. R. Co.,* 51 N. H. 54; *Pumpelly* v. *Green Bay Co.,* 13 Wallace, 177–9; *Glover* v. *Powell,* 10 N. J. Eq. 229; *Shephardson* v. *The M. & B. R. R. Co.,* 6 Wis. 605; *Powers* v. *Bears,* 12 Wis. 213; *Newell* v. *Smith,* 15 Wis. 101; *Hooker* v. *Canal Co.,* 14 Conn. 146.)

The property of petitioners has been taken without compensation, and both the statute which purports to authorize the taking and the orders and acts of the court, of its officers, and of the company pursuant to it, are unconstitutional and void. (*San Mateo Water Works* v. *Sharpstein*, 50 Cal. 284; *San Francisco* v. *Scott*, 4 Cal. 116; *Sacramento Valley R. R. Co.* v. *Moffatt*, 7 Cal. 579; *McCauley* v. *Weller*, 12 Cal. 530, 531, opinion of Judge Field; *Bensley* v. *Mountain Lake Water Co.*, 13 Cal. 315, 316, 317, opinion of Judge Baldwin; *Johnson* v. *Alameda County*, 14 Cal. 107.)

*W. B. Treadwell*, also for the Petitioners.

*C. B. Younger*, for the Railroad Company.

That provision of our Constitution relative to taking private property for public use, is not to be construed as though it read that possession should not be taken until compensation shall first have been made. To so read it would be an interpolation. This provision is the same as was that of New York; and at the time this provision was incorporated into our Constitution its settled construction by the courts of New York was that private property could be entered upon and taken possession of for public use prior to compensation being made to the owner. (*Bloodgood* v. *Mohawk & Hudson River Railroad Co.*, 14 Wend. 52; same case in 18 Id. 9.) This provision was adopted by the framers of our Constitution with a view of this construction placed upon it by the courts of New York, and its correctness acquiesced in. (*People* v. *Coleman*, 4 Cal. 46.) The general current of authority upholds section 1251 of the Code of Civil Procedure. (*Cushman* v. *Smith*, 34 Me. 247; *Fox* v. *Western Pacific R. R. Co.*, 31 Cal. 538; *Wheelock* v. *Young*, 4 Wend. 648; Pierce's American Railway Law, 161.)

*H. H. Haight*, also for the Respondent.

Is the rule of precedent or concurrent payment, under our State Constitution, an inflexible rule? That it is not so, see Cooley on Constitutional Limitations, pp. 560, 562–4. On page 562 this author says that "this is *not* an inflexible rule."

Of course the rule must be inflexible, or else it rests with the Legislature to determine, within reasonable limits, how and in what way payment must be secured.

In some cases, as where there are conflicting claims of title, it seems generally conceded that the payment of the appraised amount into court satisfies the constitutional requirement, whether the estate is a mere fee simple or a leasehold, long or short.

The difference in phraseology in other State constitutions is noticed on page 563 (note) of Judge Cooley's work.

The argument of petitioners is that the court should insert the word "first" in the clause of our State Constitution where the framers of the instrument have omitted it.

It is said by the same author, that there is a difference between the case of taking by the public for the State, county, or city, and taking for a quasi-public corporation[a] owned by private persons.

Where is the ground for this? The property is taken for public use in both cases, and must be so regarded, or there would be no right to take at all. The Constitution lays down *one rule for all cases.* (2 Kent's Com. 340–1; Smith's Com. 474, 486; Sedgwick, 525–6; *Bloodgood* v. *Mohawk & H. R. R. Co.,* 18 Wend. 16, 37, 76–8.)

By the COURT:

It is not necessary, in this case, to decide whether, under the Constitution of California, it is essential to the validity of a law for the exercise of eminent domain (when the property is taken directly by the State or by a municipal corporation by State authority), that it should provide for tender of pecuniary compensation *before* actual taking.

When property is taken by a private corporation, which, although for this purpose it is regarded as the agent of the State, appropriates it as well for the benefit and profit of the members of the corporation as for the public use, it is at least essential that an adequate fund (in the custody of an agent of the public other than the corporation or its officers) be provided, from which the owner of the property can certainly obtain compensation. As remarked by Mr.

Justice Cooley: "It is not competent to deprive him (the citizen) of his property, and turn him over to *an action at law* against a corporation, which may or may not prove responsible, and to a judgment of uncertain efficacy." (Con. Lim. 562.)

We are satisfied that wise policy and sound constitutional principles require us to hold that a *bond*, executed by sureties who may be supposed to be, or who in fact may be, responsible, when the preliminary order is made, does not constitute a certain and adequate compensation.

If the corporation has acted on the order of the district judge, the property of the petitioners has been actually taken. (*San Mateo Water Co.* v. *Sharpstein*, 50 Cal. 284.)

If it be competent to the Legislature to declare that a mere bond shall constitute compensation upon a taking at the commencement of the condemnation proceedings, it might also declare that such bonds should constitute compensation upon the final taking—which would operate a plain violation of the provisions of the Constitution restraining the exercise of eminent domain.

Order annulled.