[No. 5893.]

L. VILHAC *v.* THE STOCKTON & IONE R. R. CO., R. K. REID, E. S. HOLDEN, AND W. G. MILLER.

EMINENT DOMAIN.—*Sec. 1254 C. C. P. unconstitutional.*—The undertaking of sureties upon a bond to answer for damages that may be awarded for the taking of private property for a public use is not "just compensation" within the meaning of the Constitution, art. 1, sec. 8. Sec. 1254 of the Code of Civil Procedure is unconstitutional.

PLEADING—COMMON-LAW OBLIGATION.—To enable a party to recover upon an undertaking to answer for damages, all the material facts constituting the cause of action must be stated in the complaint.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Action for one thousand six hundred dollars and fifty cents, alleged to be due on a bond given under sec. 1254 of the Code of Civil Procedure, in a proceeding to condemn land for the use of defendants' railroad. A part of the road was constructed over the land of plaintiff, referees were appointed, who assessed and reported damages to the plaintiff in the sum of one thousand six hundred dollars and fifty cents. Subsequently the railroad company abandoned its line over plaintiffs' land and adopted another route. No judgment of final condemnation was made, and the award to plaintiff was never paid. Judgment was rendered for the plaintiff, and the defendants appealed.

The complaint was as follows:

"The above-named plaintiff complains of the defendants, and for cause of action alleges:

"That on the 3rd day of June, A. D. 1875, the Stockton and Ione Railroad Company commenced proceedings in this Court to condemn certain lands belonging to this plaintiff and others, in which said action the said Stockton and Ione Railroad Company was plaintiff, and L. Vilhac, Guiseppi Paravagna, E. B. Bateman, and Josephine Bateman were defendants; and the said Stockton and Ione Railroad Company entered into a contract and bond, in writing, with said E. S. Holden, W. G. Miller, and Robert K. Reid as sureties thereto, whereby they promised and agreed to pay to the said defendants in said action the amount of any compensation, and all damages which might be awarded to said defendants, or either or any of them, by reason of the taking of the land described in the complaint in said action, or any part thereof, not exceeding the sum of six thousand five hundred dollars.

"That under said contract the said Stockton and Ione Railroad Company did, by the order of this Court, made upon giving said bond, take possession of plaintiff's lands; and that

by the report of the referees in said proceeding, filed in this Court on the 26th day of August, A. D. 1875, there was awarded to this plaintiff, as defendant in said action, the sum of four hundred dollars and fifty one-hundredths, the value of the land belonging to plaintiff, taken by said Stockton and Ione Railroad Company, and the further sum of eight hundred dollars as damage to the land belonging to plaintiff, by reason of the severance of the land so taken by said railroad company, and the further sum of seven hundred dollars, the costs of building fences along the line of said railroad company through the land of plaintiff. The benefits to said land were assessed ·at three hundred dollars.

" That upon the filing of said report of said referees aforesaid, this Court entered judgment in accordance with the findings thereof, upon said 26th day of August, A. D. 1875, against said Stockton and Ione Railroad Company and in favor of this plaintiff, for the sum of nine hundred dollars and fifty cents, United States gold coin, the value of the land taken by said railroad company and the amount of the damages sustained by this plaintiff by reason of the taking of said land as aforesaid, with interest thereon in like gold coin, at the rate of ten per cent. per annum from the 1st day of June, A. D. 1875, and the further sum of seven hundred dollars in United States gold coin, the cost of .building fences along the line of said railroad through said land, which said judgment is in full force and effect, and that no part thereof has been paid.

" Wherefore, plaintiff demands judgment against the defendants herein, for the sum of one thousand six hundred dollars and fifty cents, United States gold coin, with interest thereon in like gold coin from the 1st day of June, A. D. 1875, at the rate of ten per cent. per annum, and for costs of suit."

*J. H. Budd,* for Appellants.

Sec. 1254 of the Code of Civil Procedure is unconstitutional and void. (*Davis* v. *San L. R. R. Co.* 47 Cal. 517; *San Mateo W. Co.* v. *Sharpstein,* 50 Cal. 284; *Sanborn et als.* v. *Belden,* 51 Cal. 266.)

The order of the Court made under said sec. 1254 was void, and hence a bond made in pursuance thereof is void. (*Newell* v. *Phelps*, 3 Seld. 6; *Rodman* v. *Munson*, 13 Barb. 63.)

The object of the bond being the taking possession of the land by a railroad company before payment of the compensation therefor, it was unlawful, and the bond is void. (Civil Code, secs. 1598, 1608, 1667; *Benedict* v. *Brady*, 2 Cal. 251; *El Dorado Co.* v. *Davidson*, 30 Cal. 520.)

*Byers & Elliott*, for Respondent, argued that, notwithstanding the section of the Code under which the bond was given had been decided to be unconstitutional, the defendants were liable. The sureties contract to pay the compensation that the referees shall award plaintiff, the only condition being that plaintiff shall give possession; the company took possession and built the road; the defendants obtained the benefit arising from giving the bond; the possession was the consideration.

By the COURT:

The undertaking upon which the action was brought was given in proceedings instituted by the railroad company for the condemnation of certain tracts of land, one of which was owned by the plaintiff, and was intended as the "security" provided for in sec. 1254 of the Code of Civil Procedure, upon being authorized by the Court to have the possession and use of the lands during the pendency of the condemnation proceedings, the parties who executed the undertaking thereby promising that the railroad company should pay the compensation which might be awarded by reason of the taking of the lands, and all damages which might be sustained by the owner of the lands if they should not be finally taken by the railroad company for public use. It is alleged in the complaint that, upon the filing of the report of the referees in the condemnation proceedings, the Court entered judgment in favor of this plaintiff against the railroad company for nine hundred dollars and fifty cents, for the value of the land taken, and the damages sustained by reason of the taking of the land, and for seven hundred dollars for

the cost of building fences along the line of the railroad. The breach alleged is, that no part of the judgment has been paid.

As a statutory obligation, the undertaking is void. It was held in *San Mateo Water Works* v. *Sharpstein*, ·50 Cal. 284, and *Sanborn* v. *Belden*, 51 Cal. 266, that an undertaking of this character did not constitute a "just compensation" in the sense of the eighth section of the first article of the Constitution, for the taking of the property upon the preliminary order of the Court. This, then, being the settled doctrine of the Court, it must necessarily be held that the undertaking will not constitute just compensation upon the final taking of the property.

Regarding the undertaking as an obligation at common law, no recovery can be had upon it, as the case now stands, for the just compensation to which the plaintiff would be entitled, upon the taking of the property, because it is not alleged that he accepted the undertaking in lieu of the payment to which he is entitled, upon the final taking of the property; nor is it alleged that the property was finally taken, nor is the just compensation to which he is entitled for the preliminary taking averred. Nor can a recovery be had for the damages sustained by the preliminary taking, because such damages are not averred, and for the further reason that the only damages mentioned in the undertaking are such as may be sustained, "if, for any cause, the said described property, or any of it, shall not be finally taken" by the railroad company; and it is not averred that the property was not so finally taken, nor that by reason thereof the plaintiff has sustained any damage.

Judgment and order reversed, and cause remanded for a new trial.