[Sac. No. 2509. In Bank.—January 17, 1918.]

# VALLEJO AND NORTHERN RAILROAD COMPANY (a Corporation), Respondent, v. REED ORCHARD COMPANY (a Corporation), Appellant.

EMINENT DOMAIN—JUDGMENT FOR DAMAGES—REFUSAL BY DEFENDANT OF AMOUNT AWARDED—UNSUCCESSFUL APPEAL—INTEREST ON JUDGMENT NOT ALLOWED.—Where after a judgment condemning property for a public use and payment by the condemnor into court of the full compensation awarded, the land owner refuses to accept the award and prosecutes, unsuccessfully, an appeal therefrom, the deposit is equivalent to a tender of payment, which stops the running of interest, pending the unsuccessful appeal.

ID.—STATUTES—INTEREST ON AWARD IN CONDEMNATION PROCEEDINGS. The contention that sections 1249 and 1254 of the Code of Civil Procedure provide a special rule under which a defendant in condemnation proceedings may refuse to accept the tender of an award made by deposit in court for his benefit, appeal from the judgment, and, upon affirmance thereof, insist upon the payment of interest on the amount pending such appeal, is without merit.

STATUTORY CONSTRUCTION—STATUTE ADOPTING EXISTING LAW GENERALLY WITHOUT REFERENCE TO PARTICULAR STATUTE.—Where a statute, by adoption refers, not to a particular statute or provision thereof, but to the law generally, governing a particular subject, the reference is to be construed as applying, not only to the law as it existed at the time of enacting the adopting statute, but to the law as changed from time to time, and as it exists when invoked in an action or proceeding.

ID.—CONSTRUCTION—STATUTE ADOPTING SPECIFIC EXISTING STATUTORY PROVISION.—When a statute, by adoption, designates and adopts an entire provision contained in a section of a statute by reference to its descriptive number, the construction is the same as though the provision adopted had been bodily incorporated in the adopting statute.

EMINENT DOMAIN — STATUTORY CONSTRUCTION — SECTION 1249 OF THE CODE OF CIVIL PROCEDURE CONSTRUED.—It being the rule of statutory construction that when a statute, by reference, adopts an entire provision of a section of a code by reference to its descriptive number, the effect is the same as though the provision had been bodily incorporated in the adopting statute, the reference in section 1249 of the Code of Civil Procedure, as originally enacted, to section 1254, must be construed as referring to the provision contained in section 1254 as it existed at the time when section 1249 was passed.

STATUTES—AMENDED STATUTE—CONSTRUCTION.—Under section 325 of the Political Code, portions of an amended statute which are copied without change, are not to be considered as repealed and again re-enacted, but to have been the law all along.

APPEALS from orders of the Superior Court of Yolo County. W. A. Anderson, Judge.

The facts are stated in the opinion of the court.

C. P. McLaughlin, C. E. McLaughlin, and Arthur C. Huston, for Appellant.

Garret W. McEnerney, and Walter Rothchild, for Respondent.

Harrison & Harrison, Wm. B. Bosley, Goodfellow, Eells, Moore & Orrick, Paul C. Morf, City Attorney of Oakland, Charles A. Beardsley, De Lancey C. Smith, U. S. Webb, Attorney-General, Raymond Benjamin, Chief Deputy Attorney-General, Daniel A. Ryan, Attorney for State Board of Harbor Commissioners and George Lull, City Attorney of San Francisco, *Amici Curiae.*

VICTOR E. SHAW, J., *pro tem.*—The question involved in this appeal arises out of a proceeding in eminent domain wherein the plaintiff, Vallejo and Northern Railroad Company (whose successors in interest are the Northern Electric Railway Company and John P. Coghlan, receiver thereof), sought to condemn lands of defendant Reed Orchard Company for railroad purposes. Upon trial of the issues a judgment was entered in favor of plaintiff, condemning the land as prayed for and awarding defendant damages and costs in the sum of $105,735.60, the full amount of which plaintiff, within thirty days thereafter, paid into court for the defendant; whereupon the court, after requiring plaintiff to deposit the sum of twenty-five thousand dollars to cover further damages and costs which might be recovered in the proceeding, duly made its order authorizing the plaintiff to take possession of and use the property until the final determination of the litigation, all as provided in section 1254 of the Code of Civil Procedure. Defendant refused to accept the award, but, upon the ground that the same was

inadequate, and further that the land should not be condemned at all, prosecuted an appeal upon the hearing of which the judgment was affirmed (169 Cal. 545, [147 Pac. 238]). Thereupon, on going down of the *remittitur,* defendant applied to the court for an order that the amount of said award so deposited in court by plaintiff for defendant, *together with interest thereon from the date of the order letting plaintiff into possession of the property to the date of the filing of the remittitur in the trial court,* be delivered and paid to it. Upon this application the court directed that the sum of $105,735.60, deposited by plaintiff, being the amount of the judgment made and entered in said proceeding, be paid to defendant Reed Orchard Company upon filing a satisfaction of said judgment, but denied the application of said defendant Reed Orchard Company for the payment of interest on said sum, and ordered the clerk of the court to pay said sum of twenty-five thousand dollars, so deposited to cover further damages, to John P. Coghlan, as receiver of Northern Electric Railway Company, successor in interest to plaintiff.

From the order denying the payment of interest to defendant in accordance with its application therefor, and the order directing the payment of said sum of twenty-five thousand dollars so deposited by plaintiff to cover damages and costs, to John P. Coghlan as receiver, defendant appeals.

As stated by respondent, the sole question thus squarely presented is whether a condemnor who, after judgment of condemnation and after paying into court for the land owner the full amount of the compensation awarded, and who upon an order of court receives possession of the property condemned, must thereafter pay interest on the money so paid pending an unsuccessful appeal from the judgment prosecuted by the land owner who refuses to accept the award.

In such proceedings the award constitutes a judgment in favor of defendant and against the plaintiff for the amount thereof, payment of which, unless the proceeding within the time be abandoned by plaintiff as provided in section 1255a of the Code of Civil Procedure, shall be made within thirty days after final judgment (Code Civ. Proc., sec. 1251), and in the absence of such payment of the money awarded or deposit thereof made in court, defendant may have execution to enforce the judgment as in civil cases. (Code Civ. Proc.,

sec. 1252). In this respect the rights of defendant are substantially identical with those of a plaintiff recovering a money judgment against a defendant in a civil action. In the instant case the money was paid into court for the benefit of defendant as a judgment creditor, pursuant to the provisions of section 1254 of the Code of Civil Procedure. A deposit so made for the benefit of one entitled thereto pursuant to a statute, is at least equivalent to a tender thereof. (Lewis on Eminent Domain, 579, and cases cited.) By section 1504 of the Civil Code, the legislature has declared that "an offer of payment . . . duly made, . . . stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof." The deposit made constituted a tender of payment, acceptance of which, however, under the provisions of section 1254 did not bar an appeal based upon the ground of inadequacy of compensation. In the *absence of some special statute applicable* to the case, the effect of the tender was, as declared in *Ferrea* v. *Tubbs,* 125 Cal. 687, [58 Pac. 308], and *Hancock* v. *Hunt,* 34 Cal. App. 530, [168 Pac. 142], to "stop the running of interest on the obligation," pending the unsuccessful appeal.

Counsel for appellant, while not disputing this general rule which governs the obligation to pay interest, insist that it is not applicable to a proceeding in condemnation. They assert that sections 1249 and 1254 of the Code of Civil Procedure, provide a special rule under which a defendant in such proceedings may refuse to accept the tender of an award made by deposit thereof in court for his benefit, appeal from the whole judgment and, upon an affirmance thereof, rightfully insist upon the payment of interest pending such appeal. In our opinion the contention is without merit. As originally enacted on March 11, 1872, section 1249 was as follows: "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the issuance of summons, and its actual value, at that date, shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected, in all cases where such damages are allowed, as provided in section twelve hundred and forty-eight. If an order be made letting the plaintiff into possession, as provided in section twelve hun-

dred and fifty-four, the compensation and damages awarded
shall draw lawful interest from the date of such order.   No
improvements put upon the property, subsequent to the date
of the service of summons, shall be included in the assessment
of compensation or damages."   In 1911 (Stats. 1911, p. 842)
the legislature amended the section by inserting, immediately
following the first sentence, the following: "provided, that
in any case in which the issue is not tried within one year
after the date of the commencement of the action, unless
the delay is caused by the defendant, the compensation and
damages shall be deemed to have accrued at the date of the
trial.   Nothing in this section contained shall be construed or
held to affect pending litigation."   Other than as so amended,
the section reads now as originally enacted in 1872.   Not so,
however, as to section 1254, which appears to have been
subjected to many changes.   As originally enacted on March
11, 1872, with section 1249, it provided that "at any time
after service of summons the court may authorize the plain-
tiff . . . to take possession of and use the property during
the pendency and until the final conclusion of such proceed-
ings, . . . but plaintiff must give security, to be approved
by such court or judge, to pay as well the compensation in
that behalf when ascertained, as all damages which may be
sustained by the defendant, if for any cause the property
shall not be finally taken for public use."   It was the provi-
sion then contained in section 1254 to which the legislature
had reference when, in section 1249, it said: "If an order be
made letting the plaintiff into possession, as provided in sec-
tion twelve hundred and fifty-four, the compensation and
damages awarded shall draw lawful interest from the date
of such order."   Otherwise and in the absence of such or a
similar provision, since the measure of damage was the value
of the property at the date of the issuance of summons, no
recovery could be had for the use and occupation of the
property prior to the rendition of judgment condemning the
same.   Hence it was eminently just and proper that the owner
of land so taken, prior to the  establishment of the  right
of the  condemnor,  should,  as one  element of the  damage
suffered,  receive interest upon the compensation awarded for
the deprivation of the use and occupation of the land pending
a judgment condemning it, without  which plaintiff could

have no rights therein. As decided by this court in *San Mateo Waterworks* v. *Sharpstein,* 50 Cal. 284, *Sanborn* v. *Belden,* 51 Cal. 266, and *Vilhac* v. *Stockton etc. R. R. Co.,* 53 Cal. 208, this provision was void in that it was obnoxious to the constitution, which, as a condition of the taking, prescribed that just compensation must be simultaneously made with the taking of possession. Thereupon the legislature, in 1877 (Stats. 1877–78, p. 108), amended the section. In its present form, which contains no vestige of the original provision, section 1254 was adopted in 1903 (Stats. 1903, p. 109), and was the law during the proceedings had in the case at bar. As therein provided, possession of the property sought to be condemned cannot be taken until after the rendition of judgment establishing plaintiff's right thereto, and then only upon an order of court upon the payment into court by plaintiff for defendant of the amount of the judgment, together with such further sum as may be required by the court as a fund to pay further damages and costs that may be recovered in the proceeding. Where a statute by adoption refers, not to a particular statute or provision thereof, but to the law generally which governs the particular subject, the reference is to be construed as applying not only to the law as it existed at the time of enacting the adopting statute, but to the law as changed from time to time, and as it exists when invoked in an action or proceeding. (*Gaston* v. *Lamkin,* 115 Mo. 20, [21 S. W. 1100]; *Culver* v. *People,* 161 Ill. 89, [43 N. E. 812].) Not so, however, when, as here, it designates and adopts an entire provision contained in a section of the code by reference to its descriptive number. In such case the statute so adopted by reference is the same as though the provision adopted had been bodily incorporated in the adopting statute. (*People* v. *Whipple,* 47 Cal. 592; *Ex parte Lemon,* 143 Cal. 558, [65 L. R. A. 946, 77 Pac. 455].) In the absence of express intent to the contrary, and none is apparent here, the reference made in section 1249 as originally enacted must be construed as referring to the provision contained in section 1254 as it existed at the time when section 1249 was passed; and it cannot be interpreted as adopting an entirely new provision designated as section 1254. (26 Am. & Eng. Ency. of Law, 714; *Ramish* v. *Hartwell,* 126 Cal. 443, [58 Pac. 920]; *Crane* v. *Cummings,* 137

Cal. 203, [69 Pac. 984].)   Appellant seeks to avoid these well-recognized principles by reason of the fact that when the legislature amended section 1249 in 1911, section 1254 contained the provision under which after judgment the court was empowered to make an order authorizing plaintiff to take possession, upon depositing the amount of the award in court, and argues that the amendment constitutes a new enactment which, since retaining the reference, should be construed as adopting the provision then contained in section 1254.   A sufficient answer to this contention is that the proceeding was instituted in 1910, prior to the amendment of section 1249, which expressly exempted pending litigation from the operation of the statute.   However, waiving this fact, which seems to be fatal to appellant's contention, the position, in our opinion, is not tenable.   Section 325 of the Political Code provides that where a statute is amended it is not to be considered as repealed and re-enacted, but the portions which are not altered are to be deemed as having been the law from the time when first enacted, and the new provisions only considered as having been enacted by the amendment.   In consonance with this rule it is said in *People* v. *Sutter St. Ry. Co.,* 117 Cal. 604, [49 Pac. 736] : "The portions of the amended section which are copied without change are not to be considered as repealed and again re-enacted, but to have been the law all along."   To the same effect are *Sacramento* v. *Pfund,* 165 Cal. 84, [130 Pac. 1041], *Ely* v. *Holton,* 15 N. Y. 596, *Santa Cruz Rock Pavement Co.* v. *Lyons,* 133 Cal. 114, [65 Pac. 329], *Allison* v. *Hatton,* 46 Or. 370, [80 Pac. 101], and *Central Pacific R. R. Co.* v. *Shackelford,* 63 Cal. 261.   The intent of the legislature was to enact the change as indicated without in any wise affecting the portions of the statute merely copied; hence by such copying no new, greater, or different force attached to the reference provision of section 1249 other than that to which it was entitled when originally enacted in 1872 which, upon being held in contravention of the constitution, was repealed and a new and entirely different scheme substituted therefor.   For that reason there was nothing upon which the language used could operate, and the mere retention of the reference in amending section 1249 in 1911 cannot be construed as referring to and adopting the provision of section 1254, as now existing, between which

and the provision contained therein when section 1249 was enacted there is not the slightest analogy.

The orders from which the appeal is prosecuted are affirmed.

Shaw, J., Melvin, J., and Angellotti, C. J., concurred.