[Civ. No. 8507. Second Appellate District, Division Two.—November 26, 1932.]

GEORGE D. HOWLAND et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Leslie R. Hewitt for Petitioners.

Nowland M. Reid, City Attorney (Long Beach), Geo. W. Trammell, Jr., Assistant City Attorney, and John O. Palstine and Beach Vasey, Deputies City Attorneys, for Respondents.

THOMPSON (IRA F.), J.—The city of Long Beach instituted an action in eminent domain against the petitioners here February 3, 1926, and on that date the respondent court made its order fixing the amount of money to be deposited by the plaintiff as a condition of being admitted to immediate possession of the premises involved and also made its order letting plaintiff into possession upon making the required deposit. In due course petitioners filed their answer, but the action was not tried until November, 1931. Several motions were made by the defendants in the trial court between February, 1926, and November, 1931, for a return of the possession to them, but they were all denied. The interlocutory judgment was entered December 12, 1931, in which the defendants were awarded $4,800 (that being the value of the property as of the time of the trial) together with their costs and interest from December 3, 1931, to the date when the amount of the judgment should be paid into court for the benefit of the defendants. Plaintiff moved for a new trial, which was denied, and on March 5, 1932, the moneys were deposited in court. On March 10, 1932, the defendants executed and delivered to the clerk their satisfaction of judgment and received $4,987.30. However, on April 4, 1932, the defendants gave notice of a motion to modify, correct and amend the judgment to allow therein the defendants' interest from February 3, 1926, the date the order was made letting plaintiff into possession, until December 3, 1931, the day when judgment was ordered for defendants. This motion was denied May 7, 1932. By the present proceeding it is sought to have us issue to the respondent court the peremptory writ of mandate commanding it to correct the judgment in accordance with the purport of the motion just mentioned.

It is asserted by the petitioners that it was the plain duty of the trial court to award them interest from the time the order for possession was made, and further it is claimed that the failure of the court in this particular was

a mere inadvertence or oversight which may be corrected as a clerical error. This view cannot be sustained, as a brief statement of the proposition of law will demonstrate.

Section 1249 of the Code of Civil Procedure in its pertinent portions reads: "If an order be made letting the plaintiff into possession, as provided in section 1254, the compensation and damages shall draw lawful interest from the date of such order." Section 1254 of the Code of Civil Procedure as it exists now and at the time the instant case was tried provides for an order letting the plaintiff into possession "at any time after trial and judgment entered or pending an appeal". The references to section 1254 in section 1249 is to the former as it existed prior to the session of the legislature in 1877. As it then stood it provided that the court might make an order letting the plaintiff into possession "at any time after service of summons". At the time section 1254 so read section 1249 provided that "for the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the issuance of summons, and its actual value, at that date shall be the measure of compensation . . . " It was not until 1911 that the clause was added: "provided that in any case in which the issue is not tried within one year after the date of the commencement of the action . . . the damages shall be deemed to have accrued at the date of the trial". With respect to the sections as they stood prior to addition of the proviso just quoted our Supreme Court said: " . . . [S]ince the measure of the damages was the value of the property at the date of the issuance of summons, no recovery could be had for the use and occupation of the property prior to the rendition of judgment condemning the same. Hence it was eminently just and proper that the owner of land so taken, prior to the establishment of the right of the condemnor, should, as one element of the damage suffered, receive interest upon the compensation awarded for the deprivation of the use and occupation of the land pending a judgment condemning it, without which plaintiff could have no rights therein." (*Vallejo etc. R. Co.* v. *Reed Orchard Co.*, 177 Cal. 249 [170 Pac. 426].) However, section 1254 as it stood prior to 1877 was declared violative of the Constitution which "as a condition of the taking, prescribed that

just compensation must be simultaneously made with the taking of possession''. (*San Mateo Waterworks* v. *Sharpstein,* 50 Cal. 284, *Sanborn* v. *Belden,* 51 Cal. 266, and *Vilhac* v. *Stockton etc. R. R. Co.,* 53 Cal. 208.) The case from which we have just quoted (*Vallejo etc. R. Co.* v. *Reed Orchard Co., supra*), also says that the plan upon ''being held in contravention of the Constitution, was repealed and a new and entirely different scheme substituted therefor''. At the present time and since 1918 there has been a part of section 14 of article I of the Constitution, which authorizes the court to permit the plaintiff to take possession at any time after the commencement of the action upon ''giving such security in the way of money deposits as the Court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate'' to protect the owner. We have set down sufficient to demonstrate that the question whether the defendant in a condemnation action is entitled to interest as here claimed is not free from doubt. An error in arriving at a conclusion cannot possibly be a clerical error, but must be a judicial error. It is hardly necessary to cite authorities to the effect that a judicial error cannot be corrected by the court except through the medium of a new trial or upon motion within a limited time where erroneous conclusions of law not consistent with the findings have been drawn or where the judgment is not consistent with the special verdict. However, we do make reference to the case of *McKannay* v. *McKannay,* 68 Cal. App. 709 [230 Pac. 218], and the authorities there cited.

If it clearly appeared that the respondent court had intended and attempted to award the petitioners the interest claimed then it might be argued that an omission of some character was an inadvertence that might be corrected. But such is not this case. In fact, although the defendants tendered a proposed finding to the effect that plaintiff took possession of the property on February 3, 1926, under an order of court made the same day, which proposed finding was to be in lieu of a finding that there were no improvements on the property, the judge declined to make such change, thereby indicating a contrary intent on his part.

There is a further fatal defect in the position of petitioners. The time for an appeal from the judgment was allowed to lapse without an attempt on their part to avail themselves of that remedy. It is difficult to perceive how after this length of time it may be argued consistently that such a remedy was not speedy and adequate.

Peremptory writ denied.

Works, P. J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1933.