This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 29,992**

**JAMES MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

Linda Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals his conviction for DWI. We proposed to affirm in a calendar notice. Defendant has responded to that notice with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Defendant continues to claim that the evidence was insufficient to support his conviction for DWI, and there was no probable cause to arrest him for DWI. As discussed in our calendar notice, Defendant was convicted of DWI based on evidence showing that he was driving under the influence of alcohol. *State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (Ct. App. 2001) (explaining that a person drives under the influence when he or she is "less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety" to the driver and the public (internal quotation marks and citation omitted)). We also noted that an arrest is lawful if the person arrested commits a crime in the presence of the arresting officer, when the circumstances observed by the officer and the common knowledge of the officer provide probable cause to believe a crime is being committed or reasonable grounds to suspect that a crime is being committed. *State v. Ochoa*, 2008-NMSC-023, ¶ 11, 143 N.M. 749, 182 P.3d 130; *City of Roswell v. Mayer*, 78 N.M. 533, 534, 433 P.2d 757, 758 (1967).

Here, the officer heard a call that a loud motorcycle was driving in the area, and then observed Defendant driving his motorcycle while intentionally swerving across three lanes, accelerating, revving his engine, losing traction, and attempting to spin his tires. [MIO 1] When the officer activated his lights, Defendant pulled into a business lot, and his front tire hit the curb as he came to a stop. [MIO 1-2] The officer noticed that Defendant smelled of alcohol, had bloodshot and watery eyes, and had slurred speech. Defendant stated that he had been at a friend's house where he drank four whiskeys. [MIO 2] Defendant did not indicate that he had any injuries, conditions, or limitations that would affect his performance on field sobriety tests. [MIO 3] Defendant did not perform well on the walk-and-turn test or the backward-count test. Although Defendant argued that other factors could cause the conditions observed by the officer and that other factors could affect Defendant's performance on the field sobriety tests, the question is whether the trial court's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

We hold that the observations by the officer provided reasonable grounds for the officer to suspect that Defendant was committing a crime. We also hold that,

based on the officer's observations, there was sufficient evidence to show that Defendant was driving his motorcycle under the influence of alcohol in that he was "less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary" to handle his motorcycle with safety to himself or to the public. *Sanchez*, 2001-NMCA-109, ¶ 6.

For the reasons discussed above and in our calendar notice, we affirm Defendant's conviction for DWI.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

4