[S. F. No. 1763.   Department One.—September 8, 1899.]

# NICOLA FERREA, Appellant, v. HIRAM TUBBS, Executor, et cetera, Respondents.

125  687
d131 647

125  687
f149 642
149  643

TENDER PENDING APPEAL FROM JUDGMENT—STOPPAGE OF INTEREST.— A tender by the defendant, to the plaintiff, pending an appeal by the plaintiff from a judgment in his favor, of the full amount of the judgment, with all costs, and interest to the date of the tender, if refused, stops interest from the date of the tender.

ID.—TENDER TO CLIENT PENDING SUIT—AUTHORITY OF ATTORNEY.—A tender pending suit is properly made to the opposite party personally, and need not be made to his attorney, whose authority to control the suit does not preclude such tender. It primarily rests with the client, and not with his attorney, to decide whether or not the amount tendered shall be accepted in full satisfaction of his claim for money due.

ID.—REFUSAL OF TENDER—RELEASE OF INTEREST.—The refusal by a plaintiff pending his appeal from a judgment of a valid tender made to him by the defendant, operates as a release by the plaintiff as judgment creditor of all interest which would otherwise have accrued thereon after the date of the tender.

ID.—CONDITIONAL TENDER—DEMAND FOR RECEIPT.—In this state, under section 1499 of the Civil Code, a debtor has a right to demand a written receipt from his creditor of any property delivered in performance of his obligation; and a valid tender of a sufficient amount may be properly conditioned upon a written receipt for the money tendered as payment in full of a judgment with interest and costs.

ID.—DEPOSIT OF MONEY TENDERED.—The money tendered need not be deposited in court, when it is not sought to extinguish the obligation, but merely to stop the running of interest.

ID.—INTEREST UPON JUDGMENT—STAY OF EXECUTION.—The stay of execution upon a judgment for the plaintiff pending an appeal therefrom by the plaintiff does not operate to suspend the running of interest, or preclude a tender by the defendant for the purpose of stopping interest thereon.

ID.—APPLICATION TO SUPREME COURT—JURISDICTION.—The respondent was not bound to make any application to the supreme court pending the appeal by the plaintiff for leave to make the tender. The supreme court took the case as made up in the trial court, and had no jurisdiction to examine into the merits of the tender.

ID.—REMITTITUR—PAYMENT OF MONEY TENDERED—DUTY OF SUPERIOR COURT.—Upon the going down of the *remittitur*, the defendant had the right to bring the money tendered into court, and it then became the duty of the superior court to inquire into the effect of the tender, and to determine the amount required to satisfy the judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion of defendants to satisfy a judgment. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

The tender should have been made to the attorneys of the plaintiff, and not to plaintiff personally. (*Board of Commrs. v. Younger,* 29 Cal. 147; 87 Am. Dec. 164; *Mott v. Foster,* 45 Cal. 72; *Wylie v. Sierra Gold Co.,* 120 Cal. 485; *Nightingale v. Oregon Cent. R. R. Co.,* 2 Saw. 341; *Webb v. Dill,* 18 Abb. Pr. 265; *McConnell v. Brown,* 40 Ind. 384; *Bonnifield v. Thorp,* 71 Fed. Rep. 924.) The judgment of the superior court was suspended and devitalized by the appeal, and removed from the jurisdiction of the lower court. (Code Civ. Proc., secs. 946, 949; *In re Schedel,* 69 Cal. 241; *State Investment Co. v. Superior Court,* 101 Cal. 135, 150; *Ruggles v. Superior Court,* 103 Cal. 125-28; *Ex parte Queirolo,* 119 Cal. 635, 636; *People v. Frisbie,* 26 Cal. 135.) The tender or offer of performance was hampered by a condition which interfered with plaintiff's right of appeal, and was not valid for that reason. (Civ. Code, sec. 1494; *In re Baby,* 87 Cal. 200; 22 Am. St. Rep. 239; *People v. Burns,* 78 Cal. 645; 25 Am. & Eng. Ency. of Law, 912.) Plaintiffs were not then entitled to a receipt in full from plaintiff for the judgment appealed from by plaintiff, and the demand made for a receipt to which plaintiff was not then entitled invalidated the tender. (Civ. Code, sec. 1494; *Noyes v. Wyckoff,* 114 N. Y. 207; *Wood v. Hitchcock,* 20 Wend. 47-49; *Roosevelt v. Bullshead Bank,* 45 Barb. 579, 583; *Frost v. Yonkers Sav. Bank,* 70 N. Y. 558; 26 Am. Rep. 627; *Sanford v. Bulkley,* 30 Conn. 344, 349; *Cothran v. Scanlan,* 34 Ga. 556; 25 Am. & Eng. Ency. of Law, 912.) The supreme court had jurisdiction of the judgment, and of any modification thereof, on motion, and application should have been made in this court. (*Fox v. Hale etc. Min. Co.,* 122 Cal. 223.) The supreme court had power to modify the judgment, as to interest. (*Gautier v. English,* 29 Cal. 165; *Dent v. Holbrook,* 54 Cal. 146.)

F. W. Hall, and Hilborn & Hall, for Respondents.

The tender stopped interest on the judgment, though title to the money tendered was not transferred by deposit for plaintiff. (Civ. Code, sec. 1504.) The tender to plaintiff personally was proper. (Civ. Code, secs. 675, 1488; *Fuller v. Baker*, 48 Cal. 632.) The defendant had a right to insist upon a written receipt, on paying or tendering the amount of the judgment in full. (Code Civ. Proc., sec. 675; Civ. Code, secs. 1499, 2075.) The judgment existed, and drew interest pending the appeal, and defendants had the right to stop interest by a tender notwithstanding the stay of proceedings, the tender not being an act suspended by the appeal. (*Dulin v. Pacific Wood etc. Co.*, 98 Cal. 304; *Low v. Adams*, 6 Cal. 277; *Taylor v. Shew*, 39 Cal. 536; 2 Am. Rep. 478.) If the plaintiff by his voluntary act prosecuted his appeal from the judgment, rather than to receive the amount tendered, he could not claim interest, upon affirmance of the judgment. Interest is only allowed as damages for failure to pay money due, or for delay in its payment. (Civ. Code, sec. 1915; *White v. Lyons*, 42 Cal. 279; *London v. Taxing Dist.*, 104 U. S. 771; *Chicago v. Tebbetts*, 104 U. S. 120.)

GAROUTTE, J.—Plaintiff in an action for damages recovered a judgment of four thousand eight hundred dollars. He appealed from this judgment, and also from an order refusing his motion for a new trial. Pending the appeal to this court defendants tendered him the full amount of the judgment, with all costs, and interest to that date. This tender was refused. Subsequently upon appeal the judgment and order denying a new trial were affirmed. Upon the return of the *remittitur* to the superior court, defendants asked for an order that the judgment be satisfied conditionally upon the payment into court of the amount of the tender; and at the same time again tendered to plaintiff the aforesaid amount, and paid the same into court. Whereupon an order was made satisfying the judgment. The present appeal is prosecuted from that order, the real question being, Did the tender made to plaintiff by defendants pending his appeal to this court stop the running of interest upon the judgment from which his appeal was taken?

We see no force in the contention that the tender should have been made to plaintiff's attorneys rather than to plaintiff him-

self. While it may be assumed that the attorney has sole control of his client's case, as far as any question of practice and procedure is concerned, yet there can be no question but that a tender of money pending the litigation may be made to the client. The statute expressly authorizes the judgment creditor to satisfy the judgment, and section 1488 declares that an offer of performance must be made to the creditor, or one authorized by him to receive the amount due. It primarily rests with the plaintiff, and not his attorneys, to decide whether or not an amount tendered should be accepted in full satisfaction of a claim for money due, and this tender was made to the proper party.

It is next claimed that the tender was conditional, and therefore of no force. The condition was that plaintiff deliver a receipt for said money "as payment in full for said judgment, with interest and costs." The offer is claimed to be violative of section 1494 of the Civil Code, which provides: "An offer of performance must be free from any conditions which the creditor is not bound on his part to perform." Whatever may be the law in other jurisdictions, especially in England, as to the effect upon the validity of a tender by the demand of a receipt from the creditor at the time, we are convinced that the true rule in this state is that a receipt may be demanded without jeopardizing the legality of the tender. Our code provides: "When a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition." (Civ. Code, sec. 1498.) "A debtor has a right to require from his creditor a written receipt for any property delivered in performance of his obligation." (Civ. Code, sec. 1499.) By virtue of sections 1498, 1499, a debtor has a right to demand of the creditor a receipt. And by virtue of section 1494 the offer of performance need only be free from conditions which the creditor is not bound to perform. If the debtor tender a sufficient amount of money, he is entitled to a receipt in full, and may couple his tender with a demand for such receipt. Again, it was not necessary to deposit the money in court after tender made, in order to stop the running of interest. A deposit in court is only demanded when it is desired

to extinguish the original obligation. No claim of that kind is made by the debtor here.

Appellant's main contention seems to be based upon the following closely connected legal propositions advanced separately in his brief: "1. The filing of the three hundred dollar cost bond perfected the appeal, and operated as a *supersedeas* as to the judgment; 2. Pending the appeal the superior court was divested of jurisdiction for the enforcement or satisfaction of the judgment; 3. Pending the appeal neither party could enforce nor satisfy the judgment." These contentions seem to miss the mark to which they are directed. We are not concerned in the fact, even if it be true, that pending the appeal neither party could enforce or satisfy the judgment; nor the further fact that pending the appeal the superior court had no jurisdiction to order the judgment satisfied. These matters are not material here. By the tender made to plaintiff no attempt was made to secure relief by judicial action. It was a matter entirely outside of the courts. No court was asked to do anything. If the right of tender be denied here, it might with equal propriety be claimed that these two parties, pending the appeal, could not contract regarding the subject matter of this litigation, either with themselves or with others. By the tender made it was not sought to invoke the jurisdiction of the superior court in any way, nor to trespass upon the right of this court to hear the appeal. If the tender had been accepted and the receipt in full given, the transaction would have been perfectly valid, and inevitably would have resulted in an end to the litigation. Appellant concedes all this when he says an acceptance of the tender would have resulted in a dismissal of his appeal. It seems to follow irresistibly that defendant had the legal right to make the tender. If he had the legal right to make it, certainly the creditor had the legal right to accept it; and, if it was a legal tender, it carried with it all the incidents of a valid and legal tender.

The appeal stayed any execution of the judgment. Especially is this plain, for plaintiff is appealing from a money judgment rendered in his favor. But appellant's position in this regard is not entirely clear to us. He says the judgment of the trial court was devitalized by the appeal and revitalized by

its affirmance in this court. He also seems, inferentially at least, to claim that, the judgment being devitalized at the date of the tender, no tender could be made. In other words, the claim at that time had assumed its original condition, that of an unliquidated claim for damages. This is his position, or it is that, when the tender was made, the judgment, being devitalized by reason of the appeal, was drawing no interest, and therefore the tender could not have the effect of stopping the running of interest. This court has had occasion many times, especially in recent days, to define the status of a judgment pending appeal; but the position now taken by appellant presents unplowed ground. It is somewhat original. We do not understand that an appeal stops the running of interest upon the judgment. Certainly, this court has never so decided. However inanimate a judgment may be pending appeal, we believe it still has life enough to draw to itself interest. This court may have said that such a judgment was sleeping, but it never has gone so far as to declare it dead. If defendants had appealed from this judgment, instead of plaintiff, and upon appeal the judgment had been affirmed, certainly it would have drawn interest pending the appeal. Then why not in the present case? In justice and equity defendants should have the right to stop the running of interest upon it. By the affirmance of the judgment in this court it was declared that plaintiff should not have appealed the case. It was further declared that defendants' tender in effect was sufficient in amount to cover all plaintiff's just claims, and therefore should have been accepted when made. Plaintiff could refuse to accept the tender, and prosecute his appeal, but he thereby assumed the risk of losing the use of this money pending the appeal in case of an affirmance of the judgment. We are perfectly satisfied that this judgment was not so devitalized by the appeal, but that it still remained such a liquidated demand that a tender could be made by the debtor which would stop the running of interest.

It is claimed that, if defendants desired to secure any benefit from the tender made, they should have applied for leave to this court while the appeal was here pending. But this court, upon appeal, only reviewed the action of the trial court. It took the case as made by the trial court. It could not examine into

the merits of this tender. Upon the going down of the *remittitur* it was clearly the right of defendants to bring their money into court and ask that the judgment be satisfied. Upon such action and request by them, it was the duty of the trial court to determine the amount of money necessary to satisfy the judgment. If there were any credits to be made, then and there was the time for their allowance, and in effect the refusal of the tender here involved operated as a release by the judgment creditor of all interest which would otherwise have accrued upon the judgment after the date of the tender.

The remaining questions raised by appellant in his brief have been considered. We find nothing there which demands extended consideration. They appear to be without substantial merits.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.