[Civ. No. 2335.    Second Appellate District.—September 4, 1917.]

G. ALLAN HANCOCK et al., Appellants, v. JOHN N. HUNT, Treasurer of Los Angeles County, et al., Respondents.

INHERITANCE TAX — TENDER — STOPPAGE OF INTEREST.—In view of sections 1498, 1499, and 1504 of the Civil Code, the tender to the county treasurer of the amount of an inheritance tax fixed by the court without any condition other than the delivery of a receipt for the same stops the running of interest pending an appeal taken by the state from the order fixing the amount of the tax, where the treasurer refused to receive the money except upon condition that it was received subject to the appeal.

APPEAL from an order of the Superior Court of Los Angeles County denying an application for a Writ of Mandate. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Chandler P. Ward, and Stephens & Stephens, for Appellant.

Robert A. Waring, John W. Carrigan, Edwin H. Pennock, and U. S. Webb, Attorney-General, for Respondents.

SHAW, J.—The facts upon which the superior court made its order denying petitioner's application for the writ of mandate, and from which order he appeals, are as follows: Ida Hancock Ross died on March 15, 1913, leaving an estate of inheritance to G. Allan Hancock, petitioner herein. For the purpose of fixing the amount of tax which should be paid upon the estate so inherited, a proceeding was instituted in the superior court to determine the value thereof, in which contest the court, on February 27, 1914, made an order fixing the amount of such tax at $159,354.90, which order, on an appeal taken by the state prior to September, 1914, was affirmed. (*Estate of Ross*, 171 Cal. 64, [151 Pac. 1138].) Under the provisions of the Inheritance Tax Act, the eighteen months within which such tax might be paid without interest or penalty expired on September 15, 1914. On September 8, 1914, after the perfecting of the appeal, petitioner served upon the proper officers and agents of the state an offer in writing "to pay to the state of California the sum of $159,-354.90 as payment in full of the inheritance tax due to the state of California upon the interest inherited by the undersigned, G. Allan Hancock, in the estate of said deceased and under the last will and testament of said deceased, said sum of $159,354.90 having been fixed as the tax due to the state of California upon the said inheritance by an order of the superior court of the county of Los Angeles, state of California, duly made in the above-entitled matter on February 27, 1914. You will further take notice that in the city of Los Angeles on the fourteenth day of September, 1914, the undersigned will formally offer and tender said sum of $159,354.90 to John N. Hunt, the treasurer of Los Angeles County, as payment in full of the inheritance tax due to the state of California on said inheritance of the undersigned, G. Allan Hancock, from the estate of, and under the last will and testament of, Ida Hancock Ross, deceased; and will demand a valid receipt in full for said tax." Pursuant to this notice, and on the day specified therein, petitioner did tender

to the county treasurer, in lawful money of the United States, said sum of $159,354.90 as payment of the inheritance tax due to the state of California on the property inherited by him from the estate of Ida Hancock Ross under the terms of her will, and demanded "a valid receipt in full for said tax" so ascertained and fixed by order of the court, in response to which demand the county treasurer tendered to him a receipt in the usual form and containing the usual data, except that across the face of the receipt was written the following: "Subject to appeal now pending from above order of said superior court to the Supreme Court of the State of California, made by John S. Chambers as state controller, etc." Petitioner objected to the form of the receipt and refused to deliver the money subject to the condition so imposed, and which respondent Hunt refused to accept otherwise than subject thereto.

On October 22, 1915, upon the coming down of the *remittitur* pursuant to the order of the supreme court on affirmance of the appeal so had by the state, petitioner paid the principal sum of the tax as fixed by the court, upon which he received a receipt in the usual form, except that it contained conditions to the effect that its acceptance should in no way prejudice the right of the state to collect interest and penalties imposed by the Inheritance Tax Act for nonpayment of said tax within eighteen months from the date of the death of said Ida Hancock Ross, or prejudice the right of petitioner to maintain that said payment constitutes a full satisfaction in payment of said tax, nor prejudice him in attempting to obtain a receipt in full for the tax.

It thus appears that the real controversy is whether or not the state is entitled to interest upon the principal sum so fixed by the court as due upon the inheritance of petitioner; his contention being that the tender so made by him, under the authority of *Ferrea* v. *Tubbs,* 125 Cal. 687, [58 Pac. 308], released him from all liability to pay interest thereon, notwithstanding the fact that the state refused to receive the same save and except upon the condition named. In our opinion, this contention should be sustained. The obligation of petitioner had been ascertained and fixed by an order of court. In performance of this obligation he tendered the full amount thereof, and under the provisions of sections 1498 and 1499 of the Civil Code he was entitled as a condition of

delivery to a valid receipt showing such payment. "If the debtor tender a sufficient amount of money, he is entitled to a receipt in full, and may couple his tender with a demand for such receipt." (*Ferrea* v. *Tubbs, supra.*) The tender so made was free of conditions other than those which appellant was entitled to exact, viz., "a valid receipt" in full of the sum so tendered in payment of the judgment. This being true, the case is brought within the provisions of section 1504 of the Civil Code, which provides that "an offer of payment . . . duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof."

In the Tubbs case the plaintiff recovered a judgment from which he appealed, pending which the defendant tendered the full amount thereof "as payment in full." Plaintiff refused to accept it and upon affirmance of the judgment insisted upon payment of interest to the date of the filing of the *remittitur.* The court held that the tender, though not accepted, stopped the running of interest. The principle there announced finds approval in the subsequent cases of *Wadleigh* v. *Phelps,* 149 Cal. 627, [87 Pac. 93], and *Stein* v. *Leeman,* 161 Cal. 502, [119 Pac. 663]. The facts in the Tubbs case are identical with those here involved, except that here the state was appellant, to which as such litigant, however, the same rule is applicable. Concededly, since there would have been no subject of controversy left, an acceptance of the tender would have constituted ground for motion to dismiss the appeal; hence the provision that respondent insisted upon inserting in the receipt to the effect that the judgment debtor should waive the exercise of such right. We are directed to no rule of law, statutory or otherwise, under which a party appealing from a judgment in his favor may nullify the legal effect of a tender of payment duly made pending appeal, by a refusal to accept it unless the judgment debtor will agree to waive a right resulting from acceptance thereof. No authority existed for exacting the condition which the state sought to attach to its acceptance of payment. The tender was unconditional save that the obligor, as he had the right to do, demanded the delivery of a valid receipt concurrent with delivery of the money. The judgment creditor refused to give the receipt to which appellant was entitled,

or any receipt other than one nullifying the incidental effect of payment, thus by its own act preventing payment of the judgment. Such act was equivalent to an absolute and unwarranted refusal of the money tendered and, upon the authorities cited, stopped the running of interest on the amount fixed by the order. This sum has been paid, and it follows that petitioner is entitled to a writ of mandate as prayed for, requiring the respondents to execute and deliver to him a valid receipt in the usual form adopted in such cases, showing such payment.

The order of the court denying the writ is reversed.

Conrey, P. J., and James, J., concurred.