[Civ. No. 12689.   Second Appellate District, Division Two.—December 31, 1940.]

MIRIAM C. WALSH, Appellant, v. RAOUL A. WALSH, Respondent.

Robert W. Kenny, Max Sisenwein and Morris E. Cohn for Appellant.

Roland Rich Woolley and Joseph F. Rank for Respondent.

McCOMB, J.—From a judgment entered after trial before the court without a jury in an action to recover damages for an alleged breach of a property settlement agreement, plaintiff appeals.

Viewing the evidence most favorably to the defendant (respondent), the essential facts are:

Plaintiff and defendant were husband and wife. February 21, 1927, they entered into a property settlement agreement hereinafter referred to as the "first agreement", reading in part thus:

"III.   The husband shall, so long as the wife remains un-married to any person other than the husband, pay to the wife, for her separate maintenance and support, and for her separate use and benefit, and in consideration of her under-taking the support and maintenance of said children, or either of them, the sum of Five Hundred ($500.00) Dollars per week; provided, however, that if at any time the gross in-come of the husband from all sources shall be less than One Thousand ($1,000.00) Dollars per week, then during the time when such gross income is less than One Thousand ($1,000.00) Dollars per week the husband shall pay the wife a sum equal to one-half (½) of such gross income.   The term 'gross in-come' as here used shall include all moneys to which the husband is or may be entitled from any source whatsoever, during any calendar year in which such period is included, whether such income is received during said period or not.

.   .   .   .   .   .   .   .   .   .   .   .   .

"XIII.   In the event that the wife shall bring any action against the husband to enforce the provisions of this agree-ment or the payment of any claim hereunder, or to protect the rights of the wife herein secured, the wife shall be en-titled to recover, and the husband shall pay, all cost and expense incurred by the wife in bringing such action, includ-ing reasonable attorney's fees."

Thereafter, October 17, 1934, they entered into a second agreement hereinafter referred to as the "second agree-ment", reading in part thus:

"Witnesseth:

"1. The parties hereto have heretofore made an agreement in writing dated the 21st day of February, 1927, and here-inafter sometimes referred to as 'Original Contract'.   Ex-cept as modified in paragraph 2 of this agreement, the Original contract is to remain in full force and effect; it being the intention of the parties to hereby ratify the Original Contract, in accordance with the terms thereof as modified only by paragraph 2 of this agreement and notwithstanding any act or acts heretofore done, or any agreement or agreements here-tofore made, by either or both of the parties, or any waiver or waivers or modification or modifications heretofore made in the terms of the Original Contract.

"2. The Original Contract is hereby modified by deleting from paragraph III thereof the words and figures 'Five

Hundred ($500.00) Dollars' wherever said words and figures now appear in said paragraph III, and by inserting the words and figures 'Three Hundred Twenty-five Dollars ($325.00)' wherever the words and figures 'Five Hundred ($500.00) Dollars' now appear in said paragraph III.

"3. Second party shall, concurrently with the execution of this agreement, pay to first party the sum of Twenty-five Hundred Dollars ($2500.00). Said sum of Twenty-five Hundred Dollars ($2500.00) shall be paid in consideration of the consent of first party to the terms of this agreement, and receipt of said sum of Twenty-five Hundred Dollars ($2500.00) is hereby acknowledged by first party.

. . . . . . . . . . . . . . .

"5. In the event that second party shall default in the performance of any of the terms of the Original contract as modified by paragraph 2 of this agreement, first party shall have the right, without notice or demand to second party, to enforce the terms of the Original Contract as modified by paragraph 2 of this agreement. In the event that second party shall make three (3) defaults in the performance of the terms of the Original Contract as modified by paragraph 2 of this agreement, first party shall have the right, without notice or demand to second party and whether or not first party shall have taken any action as a result of prior defaults, to enforce the terms of the Original Contract, from the date hereof, and at the rate of Five Hundred Dollars ($500.00) per week as provided in the Original Contract."

Payments were made according to the terms of the second agreement for approximately a year prior to the institution of the present suit. The payments were made by defendant and accepted by plaintiff frequently during the year on Thursday, Friday, and sometimes as late as Monday of the week following the Wednesday upon which they were due. Defendant was out of the city and did not make the payments due on October 11, 1939, October 18, 1939, or October 25, 1939. October 26th, defendant's attorney telephoned to the attorney for plaintiff, saying that he had a check for $975, which he would deliver to him. This plaintiff's attorney said he would refuse to accept, and that his client (plaintiff) intended to sue to enforce the terms of the first agreement. The following day, October 27th, defendant's attorney went to the office of plaintiff's attorney and offered him a

check for $975 on condition that plaintiff would give defendant a receipt in full. Plaintiff's attorney refused the offer and signed the following letter:

"October 27, 1939

"Mr. Louis L. Swarthe
   "812 Union Bank Bldg.
      "Los Angeles, California.

"Dear Mr. Swarthe:

"I acknowledge that you have made tender this day to me on behalf of Mrs. Miriam Cooper Walsh in the sum of $975.00, in full payment of all sums due to date.

"I am authorized by Mrs. Walsh to act as her attorney at law and also as her agent in advising you that this tender is refused under the terms of the contract, because we consider it insufficient in amount. Mrs. Walsh has elected to exercise her rights under the existing contracts.

"Very truly yours,

MAX SISENWEIN"

The same day the present action was instituted by plaintiff. On the following day defendant caused $975 to be deposited in the Bank of America, Melrose and Irving Branch, in the city of Los Angeles, to the credit of plaintiff Miriam C. Walsh and/or MacFarland & Sisenwein, her attorneys, conditioned upon plaintiff's giving defendant a receipt in full. Plaintiff was duly advised by the bank of this deposit. Thereafter, pending the trial of the present action, defendant deposited in the same bank the sum of $325 each week to the credit of plaintiff conditioned upon her giving a receipt in full and dismissing the present action. The trial court gave judgment in favor of plaintiff for (a) $975 on the original complaint, together with interest from October 11, 1939, on $325, from October 18, 1939, on $325, and from October 25, 1939, on $325, and costs; (b) $1,000 as attorney's fees; and (c) a judgment upon a supplemental complaint at the rate of $325 per week for the weeks subsequent to the week of October 25, 1939, including interest on each payment found to be due.

These are the questions necessary for us to determine:

*First: Was there substantial evidence to sustain the finding by the trial court "that defendant was excused from making payments due under the terms of the second agreement on the days stated in such agreement"?*

*Second: Did defendant make a tender of the amounts due under the second agreement for the fifteen week period following October 25, 1939?*

■ The first question must be answered in the affirmative. Time was not expressly made of the essence of the contract, nor does it appear from the agreement "clearly, unequivocally, and unmistakably" (*Miller* v. *Cox*, 96 Cal. 339, 344 [31 Pac. 161]) that it was the intention of the parties that time should be of the essence of the contract. Therefore, time was not of the essence of the contract.

■ The rule is established that, where time is not of the essence of a contract, payment made within a reasonable time after the due date stated in the contract constitutes compliance therewith (*Milton Realty Co.* v. *Butterfield*, 87 Cal. App. 772, 776 [262 Pac. 419]). It was stipulated by the parties in the present case that payments due on Wednesday under the terms of the second agreement had been accepted by plaintiff from defendant, at some times on Thursday of the same week, at other times on Friday of the same week, and at still other times as late as Monday of the following week. It is also undisputed that defendant was absent from the State of California from shortly before October 11, 1939, until the evening of October 25, 1939; and that on the 26th of October, 1939, defendant's attorney telephoned plaintiff's attorney, stating that he had a check for $975 for plaintiff, which plaintiff's attorney said he would refuse to accept; that on the following day defendant's attorney tendered to plaintiff's attorney a check for $975 conditioned upon plaintiff's giving defendant a receipt in full. This plaintiff's attorney refused to do and handed to defendant's attorney the letter dated October 27, 1939, addressed to Mr. Swarthe and signed by Mr. Sisenwein.

From the foregoing evidence the trial court was clearly justified in finding that defendant was excused from making payments on time. ■ The fact that such finding appears as a conclusion of law is immaterial, since it is actually a finding of fact (*Estate of Woods*, 23 Cal. App. (2d) 187, 190 [72 Pac. (2d) 258]). ■ Nor is it important that the trial judge stated a different reason in support of his finding. We are not interested in the trial judge's reasons for his findings and conclusions but whether there was in fact substantial evidence to sustain the findings upon which his conclusions were predicated.

■ . We find no merit in plaintiff's contention that defendant's tender was ineffective, for the reason that it was conditioned upon plaintiff's giving a receipt in full. The law is established in California that, if a debtor tenders a sufficient amount of money, he is entitled to a receipt in full and may as a condition of his tender demand such a receipt (*Hancock* v. *Hunt*, 34 Cal. App. 530, 533 [168 Pac. 142]; *Ferrea* v. *Tubbs*, 125 Cal. 687, 690 [58 Pac. 308]).

■ The second question must be answered in the affirmative. The rules and reasoning heretofore applied in answering the first question presented to us on this appeal are likewise applicable to the present problem, and, since on Wednesday of each of the weeks subsequent to October 25, 1939, defendant deposited $325 in the bank to the credit of plaintiff and/or her attorney subject only to a demand for a receipt in full and dismissal of the present action, the tender was good and sufficient and the trial court's judgment for this amount alone was proper.

For the foregoing reasons the portions of the judgment appealed from are affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied on January 28, 1941, and appellant's petition for a hearing by the Supreme Court was denied on February 27, 1941.