THE COURT.
The only issue involved on this appeal by defendant from the judgment of $1,297.25 based on the defendant’s negligence and from the order denying defendant’s motion for a new trial is the effect of plaintiff’s attempt to rescind a written release.
A release had been presented to the plaintiff by the insurance investigator for defendant’s insurance company, and was signed by plaintiff on June 16, 1953, approximately three weeks after her accident. It recited that “For and in Consideration of the sum of Four Hundred Twenty xx/100 ($420.00) to me/us in hand paid by L. H. Gustafson the receipt of which is hereby acknowledged, I . . . hereby fully and forever release, acquit and discharge the said L. H. Gustafson . . . from any and all actions, claims and demands ... it being understood and agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim . .. the amount stated herein is the sole consideration of this release and that I/we voluntarily accept said sum for the purpose of making a full and final compromise.” “Theila Holland” (Signed.)
Before the check of $420 was received from the defendant’s insurer, drawn on a Colorado Springs, Colorado, bank and dated June 24, 1953, the plaintiff’s attorney had, on June 18, 1953, sent a notice of rescission to the insurer in Colorado. The grounds stated in the notice were mistake, undue influence and failure of consideration. No evidence was offered to prove mistake or undue influence. The only evidence of failure of consideration was the eight days which elapsed between the signing of the release and the receipt of the check by the plaintiff. After its receipt, the cheek was returned to the defendant, on July 2, 1953, without any attempt having been made by the plaintiff to cash it.
It is true as claimed by respondent, that although the genuineness and due execution of the release were admitted by her failure to file a verified denial, she is not precluded by that fact from asserting any defense she may have, including the *Supp. 909 legal effect of the release and failure of consideration. (Sproul v. Cuddy (1955), 131 Cal.App.2d 85, 90-91 [280 P.2d 158].)
Respondent’s theory and also that of the trial judge in holding the release invalid was that as no consideration had passed and as the release had been signed by the plaintiff alone, it constituted merely a revocable offer.
In ascertaining the legal effect of a release, one must look to the instrument itself to determine the intent of the parties. Such an instrument is ordinarily presently operative once the maker has signed and delivered the writing. (Rest., Contracts, § 402, comment b.) “The non-payment of the consideration did not affect the operative effect of the instrument as a valid release. The obligation to pay the consideration is created by the acceptance of the release.” (Paige v. O’Neal (1859), 12 Cal. 483, 496.)
A signature of the party being released is unnecessary to make a release legally binding on both parties where the instrument shows on its face that it was not intended to be signed by the party obtaining the release. (Tindall v. Northern Pac. R. Co. (1910), 58 Wash. 118, 122 [107 P. 1045]; see also Frankfort etc. Co. v. California etc. Co. (1915), 28 Cal.App. 74, 82 [151 P. 176]; Dallman Supply Co. v. Smith-Blair, Inc. (1951), 103 Cal.App.2d 129, 132 [228 P.2d 886].)
Turning to the present release and the circumstances surrounding its execution, we are satisfied that the presentation of the instrument to the plaintiff for her signature constituted an offer on the part of the defendant and was accepted as such by the plaintiff when she signed and delivered the release and that it was so intended by the parties. The writing contains no place for the signature of the defendant, and such could have not been intended as necessary to make it presently operative. The fact that the consideration was not paid until a few days after the release was executed did not constitute such a material failure of consideration as to entitle plaintiff to rescind. “Although failure of consideration may be a ground for rescinding the contract . . . the contract is not void, and, once in effect, remains in effect until rescinded or terminated. ” (17 C.J.S. 477, Contracts, § 129.) But an unsubstantial failure of consideration does not give the other party the right to rescind the contract but is only the basis for damages. (Marrazzo v. Orino (1938), 194 Wash. 364 [78 P.2d 181, 187]; see also Medico-Dental etc. Co. v. Horton & Converse (1942), 21 Cal.2d 411, 433 [132 P.2d 457].) Mere delay in performing a contract is not con *Supp. 910 sidered a substantial breach, justifying rescission, unless the delay is such as to warrant the conclusion that he does not intend to perform. (17 C.J.S. 907, Contracts, § 422.) Where time is not of the essence of the contract, payment within a reasonable time is sufficient. (Walsh v. Walsh (1940), 42 Cal.App.2d 287, 292 [108 P.2d 765].) The delay in the receipt of the check by the plaintiff was not such a material failure of consideration that it gave her a right to rescind the release.
The purported appeal from the order denying a new trial is hereby dismissed, as it is not appealable. (Kallgren v. Steele (1955), 131 Cal.App.2d 43, 47 [279 P.2d 1027].) The judgment is reversed.