[Civ. No. 23436. First Dist., Div. Three. Jan. 23, 1967.]

THE PEOPLE EX REL. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. NATHAN C. McCOY et al., Defendants and Respondents.

28

Harry S. Fenton, Holloway Jones, Jack M. Howard, Paul O. Lamphere and Richard S. Levenberg for Plaintiff and Appellant.

Haizlip, Moore & Ring, Ryersen & Comstock, David D. Ring and Jack Ryersen for Defendants and Respondents.

BROWN (H.C.), J.—This is an appeal from the denial of plaintiff's motion to offset the value of possession and of rents received by defendants against an award of interest under the provision of section 1255b of the Code of Civil Procedure.

The People of the State of California (now appellant) filed a complaint in eminent domain to condemn a portion of certain property generally known as the Los Robles property in Santa Rosa. This property was owned by respondents' predecessors in interest. The whole of the property was under lease to Redwood Hotels Corporation who were the assignees of Claus Neumann and Antonio Vicini. The property under this lease consisted of a motel, restaurant, real estate office and a parking lot used by the lessee. The parking lot (re-

ferred to as Parcel 1) was the only portion of the property that was the subject matter of this condemnation suit.

The jury arrived at a verdict and fixed the value of Parcel 1 at $55,000 and determined severance damages at $30,000. Interest was awarded at 7 percent per annum from February 15, 1963, the date on which appellant was entitled to possession.

This appeal is from that portion of the judgment awarding respondents interest. Although the appellant was entitled to possession as of February 15, 1963, actual possession was not taken until May of 1964, and respondent lessee continued to use the parking lot on which respondent lessors received the rents without any diminution during that period of time. The appellant claims that the value of possession and of such rents should be a setoff against the interest award, which commenced as of February 15, 1963, pursuant to the provisions of section 1255b of the Code of Civil Procedure.

The trial court disallowed the claim of offset because (1) appellant did not make it an issue at trial, (2) it was not claimed until after the jury had arrived at its verdict, and (3) there was no evidence in the record to support an offset.

The pertinent provision of section 1255b of the Code of Civil Procedure as amended in 1961 provides: "(a) The compensation and damages awarded in an eminent domain proceeding shall draw legal interest from the earliest of the following dates: (1) The date of the entry of judgment. (2) The date that the possession of the property sought to be condemned is taken or the damage thereto occurs. (3) The date after which the plaintiff may take possession of the property as stated in an order authorizing the plaintiff to take possession. (b) If after the date that interest begins to accrue the defendant continues in actual possession of or receives rents, issues and profits from the property, the value of such possession and of such rents, issues and profits shall be offset against the interest that accrues during the period the defendant continues in actual possession or receives such rents, issues or profits. . . ."

The Legislature intended by this section to remedy the inequitable situation whereby a property owner in an eminent domain proceeding prior to the amendment could enjoy fully the benefits of ownership and possession and still receive interest on the award.

The mandatory language of the amendment, paragraph (b) of the Code of Civil Procedure, is to be particularly noted: "[T]he value of such possession and of such rents, . . . shall be offset. . . ." The section, however, is silent as to when evidence supporting the claim should be presented and as to whether the court or jury should hear the evidence.

■ A recent decision considered and settled the question as to whether the jury or the trial judge should hear the evidence on the question of offset. The court said: "It is our view that the court rather than the jury should determine the amount of this offset inasmuch as it is charged with considering and awarding the interest to be allowed for an early taking." (*People* ex rel. *Dept. Public Works* v. *Giumarra Vineyards Corp.*, 245 Cal.App.2d 309, 322 [53 Cal.Rptr. 902].)

The question thus presented on this appeal, which was not passed upon in the *Giumarra Vineyards* case, *supra,* is: Was appellant's claim of offset timely and was there any evidence upon which the court could support such offset?

■ The jury arrived at its verdict on December 1, 1964. On January 11, 1965, a hearing was held relative to objections on findings, and at this time the appellant contended that it was entitled to an offset against the interest award. On this date appellant made a formal motion to produce further evidence relative to the value of possession of the property between February 15, 1963 and May 1, 1964. On February 8, 1965 the court entered its order disallowing the offset. The court also denied appellant's motion to reopen the case. Judgment was entered for respondents accordingly.

It is recognized that the party seeking to reopen the case must show that he has been diligent and that the evidence could not have been produced earlier. (See *Ulwelling* v. *Crown Coach Corp.* (1962) 206 Cal.App.2d 96, 127, 128 [23 Cal.Rptr. 631]; 48 Cal.Jur.2d, Trial, § 112, pp. 156-159.) As previously noted herein, section 1255b is silent as to when to assert the claim of offset. Further, at the time of trial the *Giumarra Vineyards* case, *supra,* had not been decided. Thus, there may have been doubt as to whether the jury or judge should have heard the evidence. Appellant cannot be said to have been lacking in diligence when there were no ground rules for it to follow.

■ Respondents claim there was no evidence in the record as to the value of the possession of Parcel 1. This contention

cannot be sustained. Three witnesses, all called by respondents, gave their opinions of the loss in rental value to the rest of the Los Robles property which would result from the taking of the parking lot (Parcel 1); these were Neumann, Abramson and Jordan. The figures given by these witnesses were $3,000, $12,000 and $12,500 a year, respectively. (All the other witnesses either thought that the loss would be nil or were not asked to give any opinion.)

It is true that there was no other direct testimony as to the value of the possession of Parcel 1 in itself, but the above evidence as to the loss of the rental value to the balance of the parcel certainly is evidence to be considered. If the trial judge was of the opinion that the evidence in the record was insufficient, he could have satisfied himself by requesting additional evidence in order to effectuate the manifest intention of the Legislature and the mandatory provision of the statute.

" 'The burden of proof is upon the plaintiff to establish the amount of this offsetting item during the time that the defendant enjoyed the full use of parcel 10B after the state, by court order, had secured the right of immediate possession until the date when it took actual possession. The value of said possession during said time is factual and dependent upon evidence as to the money value to defendant of the full use of parcel 10B during that period in connection with its ownership of the vineyard, but in accordance with good conscience and common sense, as well as by the explicit provision of the statute specifying said deduction as an *offset,* it should not in any event exceed legal interest for the period involved at the rate of 7 percent per annum on the established amount of severance damages. . . . the trial court, if it deems it desirable, may permit the respective parties to offer additional evidence relative to this issue.' " (*People* v. *Giumarra Vineyards Corp., supra,* 245 Cal.App.2d 309, as modified at pp. 322-323.)

It could well save time and expense to present such evidence to the court, in the absence of the jury, while the appraisal witnesses are in court for the jury issue. We recommend consideration of such procedure in the future but we cannot find that plaintiff was lacking in diligence here.

 There is no merit to the contention that appellant should be precluded from submitting evidence as to the offset of value of possession against interest because this issue was not made an issue at pretrial. If the issue is not required to be

raised in the pleading, then it need not be made an issue at pretrial. (18 Cal.Jur.2d, Eminent Domain, § 292, p. 35.)

The judgment is reversed insofar as it awards interest to defendants, and the case is remanded for determination of the offset to be allowed against interest, with or without the taking of additional evidence, as that court may deem proper. The amount of offset, if any (not to exceed the amount of interest awarded), shall be deducted from the award and the balance shall be the amount due defendants.

In all other respects the judgment is affirmed. Each party to bear his own costs on this appeal.

Draper, P. J., and Salsman, J., concurred.

On February 16, 1967, the judgment was modified to read as printed above and a petition for a rehearing was denied February 21, 1967.