[Civ. No. 27514. Fourth Dist., Div. Two. Dec. 23, 1982.]

GOLDEN BEAR FOREST PRODUCTS, INC.,
Cross-complainant and Appellant, v.
DOMINIC MISALE, Cross-defendant and Respondent.

## COUNSEL

Wise & Nelson, John W. Nelson and John H. Shean for Cross-complainant and Appellant.

Kegel, Tobin & Hamrick, David E. Lister and Ross Palfreyman for Cross-defendant and Respondent.

## OPINION

**KAUFMAN, J.**—Cross-complainant Golden Bear Forest Products, Inc. (Golden Bear) appeals from a judgment dismissing Dominic Misale (Misale) as a cross-defendant pursuant to Code of Civil Procedure sections 877 and 877.6.[1]

---

[1]Section 877 provides in part: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—

". . . . . . . . . . . . . . . . . . . . . . .

"(b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors."

Section 877.6 provides in part: "(a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors. . . .

". . . . . . . . . . . . . . . . . . . . . . .

"(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution. . . .

"(d) The party asserting the lack of good faith shall have the burden of proof on that issue."

The action upon which the cross-complaint is based arose out of an incident which resulted in serious bodily injury to Ramon Mandujano. Mandujano was in his tent at the King Sol Campground owned by Canyon Park, Inc., and located near the CEDU Foundation, a rehabilitation school. Two wards of CEDU, Dominic Misale and Jon Edmondson, rolled a large truck tire down a hillside into the campground, striking Mandujano. Mandujano and his wife (plaintiffs) filed suit naming as defendants Canyon Park, Inc., CEDU, Golden Bear, and by subsequent amendment, Dominic Misale.

Golden Bear filed both an answer to the complaint and a cross-complaint for indemnity naming as cross-defendants Canyon Park, Inc., CEDU, and by subsequent amendment, Misale.

Thereafter plaintiffs and CEDU negotiated a settlement in an amount exceeding $1 million which purported to cover not only the liability of CEDU but also that of Misale. The lengthy negotiations leading up to the settlement involved counsel for plaintiffs, counsel for CEDU and various rehabilitation experts, economists and representatives from CEDU's insurers.

Following the settlement agreement Misale filed a motion pursuant to Code of Civil Procedure section 877.6, requesting a declaration the settlement had been made in good faith and an order dismissing him from the action. Both requests were granted.

## DISCUSSION

Golden Bear's challenge of the judgment of dismissal is based primarily on two arguments. First, it is urged Misale was not a party to the settlement agreement and therefore is not entitled to dismissal under the statute. Second, even if Misale was a party to the agreement, his release was not the result of a good faith settlement. In each instance the determination of the trial court to the contrary is sound.

It is true that the agreement was not signed by Misale or his attorney of record and that several early provisions in the agreement omit his name. However, it is clear the parties intended to include both CEDU and Misale in the settlement. The agreement expressly releases and discharges Misale: "[T]his Agreement . . . shall release, acquit and forever discharge CEDU FOUNDATION, INC. and all its past and present officers, directors and employees, and DOMINIC MISALE and JON EDMONDSON . . . from any and all claims, actions, causes of action, demands . . . arising out of the accident. . . ."

The signature of the person released is unnecessary to make a release legally binding where the document indicates that such signature was unnecessary. (*Hofland* v. *Gustafson* (1955) 132 Cal.App.2d Supp. 907, 909 [282 P.2d 1039].)

Similarly, we reject Golden Bear's argument that Misale's absence from the settlement negotiations indicates that he was not a party to the agreement. The argument lacks both factual and legal support.

Arthur Sherman, counsel for the plaintiffs, averred in his declaration in support of the motion for determination of good faith settlement that he was "involved in all of the investigation discovery and settlement on behalf of the plaintiffs [and was] aware that Transamerica Insurance ha[d] provided a courtesy defense for Dominic Misale."

Counsel for CEDU declared that "CEDU . . . provided a courtesy defense for Dominic Misale inasmuch as he was a student of CEDU School at the time of this accident."

Finally, Robert Grine, representing Transamerica Insurance, stated in his declaration that "all parties understood there was a question of insurance coverage of Dominic Misale. With this in mind the settlement figure was reached and CEDU Foundation, Inc. was named in the settlement agreement as arranging payment, but it was understood that it was CEDU Foundation, Inc. and Dominic Misale that were being released."

It is apparent that Misale's interests were represented throughout the negotiations, notwithstanding his absence and the physical absence of his attorney of record. The trial court properly determined Misale to be a party to the settlement agreement.

Golden Bear's challenge to the trial court's determination the settlement was made in good faith is based on the fact that Misale made no monetary contribution to the settlement. Golden Bear derives from the decision in *Cardio Systems, Inc.* v. *Superior Court* (1981) 122 Cal.App.3d 880 [176 Cal.Rptr. 254], that at least some monetary consideration must flow from the released tortfeasor to the plaintiff even if it be no more than, as in *Cardio Systems*, a waiver of costs.

We need not pass on the abstract proposition, because in the case at bench consideration for Misale's release was in fact paid on his behalf by CEDU's insurer. According to the declarations filed, CEDU's insurer felt a coverage problem existed that might give it some liability for a judgment against Misale. It therefore insisted as a condition to its agreement to enter into the settlement

agreement and payment of its share of the settlement proceeds that Misale's liability be concluded by the release.

Golden Bear's reliance upon *Commercial U. Ins. Co.* v. *Ford Motor Co.* (9th Cir. 1981) 640 F.2d 210, 213, is unavailing. In *Commercial Insurance* the plaintiff dismissed codefendant Ford Motor Company in the belief that his chances of recovery would be greater if Ford's expert witnesses did not testify. Following judgment for plaintiff, the codefendant sued Ford for equitable indemnity. Ford raised Code of Civil Procedure section 877 as a defense (see fn. 1, *ante*). The Ninth Circuit, construing California precedent, ruled the plaintiff's decision to dismiss Ford was "dictated by the tactical advantage of removing a deep-pocket defendant because of the experts it could produce and the skilled trial lawyers it could retain" and therefore was not made in " 'good faith' consideration of the relevant liability of all parties." (*Id.*, at pp. 213-214.)

That is not this case. In *Commercial Insurance* the plaintiff's decision to release Ford was not based on any consideration of an actual settlement of the dispute between the parties. By contrast, Misale's dismissal was the result of a considered arrangement to facilitate settlement of the dispute. The declarations establish that the settlement amount was intended as payment for the liabilities of both CEDU and Misale and that CEDU's insurer would not have paid the large settlement amount if Misale were not released as well as CEDU.

The judgment is affirmed.

Morris, P. J., and McDaniel, J., concurred.