(September 2, 1922.)

A. G. SCHULZ, Respondent, v. RICHARD HANSING, Appellant.

[209 Pac. 727.]

STATUTE OF FRAUDS—ORAL TRANSFER OF REAL PROPERTY.

1. The mere giving of a check as earnest-money is not sufficient evidence of the purchase of real property, in the absence of a conveyance or other instrument in writing subscribed by the party sought to be charged or by his lawfully authorized agent.

2. Title to real property or an interest therein may not be transferred by word of mouth, without any written instrument purporting to effect a change of possession, and without any change of possession.

3. *Held*, that the trial court erred in overruling objections to the admission of any evidence on behalf of respondent for the purpose of showing an oral agreement between appellant and respondent for the transfer of real property.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to recover on oral contract. From judgment for plaintiff, defendant appeals. *Reversed.*

Turner K. Hackman, for Appellant.

Title to real estate, or an interest in real estate, cannot be established by proof of a verbal transfer. (*McGinness v. Stanfield,* 6 Ida. 372, 55 Pac. 1020.)

The reasonable and proper construction of the provisions of sec. 7976 requires the memorandum or note to be signed by both parties where there are mutual promises, in order to be binding upon both. (*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410; *Kerr v. Finch,* 25 Ida. 32, 135 Pac. 1165.)

Sweeley & Sweeley, for Respondent.

As respondent was not seeking to enforce with Mrs. Foren an agreement to purchase, or with appellant an agreement to sell, any interest in real estate, the objection made by appellant to the introduction of testimony on the ground that it was prohibited by the statute of frauds was not well taken. So far as appellant is concerned the testimony objected to was properly admitted, for the reason that as between the parties to this case, the contract pleaded was entirely executed on the part of respondent.

BUDGE, J.—This action was commenced to recover the sum of $800 on an alleged oral contract, arising out of the sale of certain land in Twin Falls county.

Respondent alleges in his complaint that he purchased from Mrs. Foren a tract of land in the county of Twin Falls, through her agent, one Smith; that before closing the contract of purchase he met appellant and agreed not to close the contract, but to allow appellant to be substituted in his place and become the purchaser, appellant to pay him the sum of $800; that after making this arrangement orally with appellant, in the presence of the owner of the land, Mrs. Foren, appellant and respondent met and mutually agreed that the appellant should become the purchaser of the land from Mrs. Foren and make payments in the amounts

agreed to between the respondent and Mrs. Foren. Appellant denies specifically each of these allegations and by his answer alleges that he purchased the land directly from Mrs. Foren without any knowledge whatever that the respondent had any claim or interest whatever in the property.

From the record it appears that Mrs. Foren was a woman about eighty years of age; that appellant is a man past eighty-one years of age; that a real estate agent named Smith received verbal instructions from one or more of the sons of Mrs. Foren to make a sale of her land. No written instructions to make the sale were given to Smith. Smith testified, however, that he first sold the land to respondent's brother, who made a deposit of $25; that this sale fell through; that he thereafter made a sale of the land to the respondent, who also put up a check for $25; that he thereafter took the appellant out and showed him the land, claiming to act as the agent of respondent. Respondent testified that he thereafter met the appellant and priced the land to him at $165 an acre, but they afterwards agreed that appellant should purchase the land for $155 an acre. The price placed upon the land by Mrs. Foren through her sons was $135 an acre, and it was at this price that Smith testified that he sold the land to the respondent. Subsequently appellant, respondent, Mrs. Foren, her two sons, and Smith met in the latter's office, and a contract of sale of the land from Mrs. Foren to appellant was drafted and signed, appellant putting up a check for $1000, according to the terms of the contract, and agreeing in the contract to make the balance of the payments as therein stipulated. This contract together with the check was deposited in escrow, in order to afford sufficient time for the appellant to examine the abstract. When appellant first agreed to purchase the land he deposited a check for $50, payable to Smith, as evidence of his good intention to carry out his contract, but shortly after making the payment of $1,000, and signing the contract, he demanded and received back from Smith the $50 check, which he destroyed.

It is respondent's contention that appellant owes him the difference between $135 an acre, the amount he was to pay

Mrs. Foren, and $155 an acre, the amount appellant was to pay him for the land, or $800. The jury upon the evidence produced at the trial returned a verdict in his favor for the sum of $800. This appeal is from the judgment. It is the contention of appellant that the court erred in admitting any evidence on behalf of respondent for the purpose of showing an oral agreement between him and appellant concerning the alleged interest claimed by respondent in the Foren land, or any agreement to transfer or assign his interest or substitute the appellant in his place in the purchase of the Foren land, for the reason that if such an oral contract was made it was void under the provisions of C. S., sec. 7974, which provides:

"No estate or interest in real property, other than for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

It is the contention of the respondent that he is not seeking to enforce an agreement to purchase or sell any interest in real estate and that therefore the objection made by appellant to the introduction of any testimony on the ground that the admission of such testimony comes within the prohibition of the statute of frauds is not well taken, but insists that this is a plain suit for a money judgment based on an agreement between the parties hereto, which agreement was completely fulfilled by respondent in that he procured for the appellant that which the appellant was seeking, and having done this, he is entitled to the sum appellant agreed to pay him therefor.

We are not in accord with this contention. Respondent did not go into possession of the Foren land. All that was done by him was to turn over to Smith, his associate in the real estate business, a check for $25, which he claims was a payment on the purchase price of the Foren land. There

was no payment made to the respondent of any part of the $800. Respondent's right to recover, if any exists, rests solely upon an alleged oral agreement for the transfer to appellant of an interest in real property, which oral agreement was void for the reason that it was in contravention of C. S., sec. 7974, the same not being evidenced by an instrument in writing or delivery of possession of the real property. The purported sale from Smith to respondent was void under the provisions of sec. 7974, *supra*, for the reason that it was not evidenced by any instrument in writing as therein provided. The mere giving of a check as evidence of good faith is not sufficient to pass title to real estate, under the laws of this state. There must be a conveyance or other instrument in writing subscribed by the party sought to be charged or his lawfully authorized agent, as was said in the recent case of *Oylear v. Oylear*, 35 Ida. 372, 208 Pac. 857: "We are not disposed to hold under any view of the law that title to real estate may be transferred by word of mouth and without any written instrument purporting to convey such property, or any change of possession."

Respondent sought to sell by word of mouth his alleged interest claimed by him in the Foren land. This he clearly could not do.

From what has been said it follows that the court erred in overruling objections to the admission of any evidence on behalf of respondent for the purpose of showing an oral agreement between appellant and respondent. The instructions given by the court at the request of respondent and excepted to by the appellant involving the same questions disposed of herein, were erroneous. The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed. Costs awarded to appellant.

Rice, C. J., concurs.

McCarthy and Dunn, JJ., concur in the conclusion reached.