719 P.2d 1213

**Carole L. GOOD, Plaintiff-Respondent,**

v.

**Jon HANSEN, Defendant-Appellant.**

**No. 15901.**

Court of Appeals of Idaho.

May 20, 1986.

Wallace L. Passey, Idaho Falls, for defendant-appellant.

Jack G. Voshell, Idaho Falls, for plaintiff-respondent.

BURNETT, Judge.

We are asked to decide whether an assignment of a money judgment properly was rescinded. The judgment was assigned by Carole Good to Jon Hansen with an understanding that the proceeds would be collected and applied as a down payment for the purchase of Hansen's house. Although the assignment was reduced to writing, the house sale agreement was not. After Hansen failed to deliver a deed to the house, or to collect the judgment, Good sought and obtained a declaratory judgment rescinding the assignment. Hansen has appealed. We affirm.

The central issue is whether rescission was an appropriate remedy. Hansen contends that the district court erroneously opened the door to rescission by holding the house sale agreement to be invalid under the statute of frauds, even though Good did not plead the statute in her complaint. Hansen further contends that Good had other adequate remedies; that mere failure of consideration for the assignment would not warrant rescission; and, in any event, that Good was not entitled to relief because she was guilty of "inequitable conduct." We will discuss these contentions in turn.

It is uncontroverted that the assignment was executed in connection with the house sale agreement. As noted, Hansen orally agreed to sell his house, to collect the unpaid balance of the assigned judgment, and to apply the proceeds against the sale price. Good moved into the house and

made monthly payments which the district court later found to be rent—a finding not challenged on appeal. Some three months later, Good moved from the home. She had received no deed or other instrument evidencing her interest in the property. Neither had Hansen collected or applied any proceeds from the judgment. Good notified Hansen through counsel of her intent to rescind the assignment. Good's attorney subsequently received a payment on the judgment and he filed this action on Good's behalf to confirm her entitlement to the proceeds.

The complaint asked for a declaration of rescission, alleging that Hansen had "failed and refused to provide the promised consideration [for the assignment]." The district court focused not only upon Hansen's failure to perform but also upon the fact that his promise to convey the house was unwritten. Idaho Code § 9–503 allows interests in real property to be transferred only by operation of law or by an "instrument in writing." With exceptions not applicable here, our Supreme Court has long construed the statute to mean that oral sales of real property are void. *E.g., Schulz v. Hansing*, 36 Idaho 121, 209 P. 727 (1922). In the present case, the oral house sale agreement was unenforceable.[1] The district court held that the agreement was not valid consideration for the assignment.

■ On appeal Hansen argues that the court should not have considered the statute of frauds because Good failed specifically to plead it. We acknowledge that a court is not *obliged* to consider the statute if not pleaded. *Cf.* I.R.C.P. 8(c) (designating statute of frauds as an affirmative defense to be pleaded with particularity). But it does not follow that the court is *prohibited* from considering the statute. A court has the inherent power to identify and to apply legal authorities germane to the controversy presented. Hansen urges that *Paloukos v. Intermountain Chevrolet Co.*, 99 Idaho 740, 588 P.2d 939 (1978), restricts this power. However, *Paloukos* is a case where a statute of frauds was not considered at all by the district court. The statute was mentioned for the first time on appeal during oral argument. Our Supreme Court simply observed that the statute had been raised "much too late." *Id.* at 744, 588 P.2d at 943. *Paloukos* does not govern where, as here, the district court actually has considered and ruled upon the statute.[2]

■ Hansen further contends that the statute of frauds improperly has been used as a "sword" rather than as a "shield" in this case. We take this to mean that Good should not have been allowed to invoke the statute for the purpose of avoiding an oral agreement whose existence was undisputed. Although the "sword" and "shield" dichotomy may be a useful analytical device in some cases, we think it is not applicable here. Good sought rescission of the assignment because she had received no consideration for it. The statute of frauds became an issue when Hansen asserted— as he has on appeal—that Good had remedies other than rescission. He contended that she could sue for damages arising from breach of the oral agreement, or that she could obtain specific performance. The statute was invoked to show that these alternative remedies were inappropriate because the agreement was unenforceable.

---

1. Hansen has suggested on appeal that the statute renders an oral agreement voidable rather than void. The suggestion is posited upon *Slusser v. Aumock*, 56 Idaho 793, 59 P.2d 723 (1936). *Slusser* did not involve a sale of real property; it involved a sale of goods. The statute of frauds contained in the old Sales Act, and the statute now contained in the Uniform Commercial Code (I.C. § 28–2–201), are different from I.C. § 9–503. They are inapposite here.

2. When a district court finds that a case may turn materially upon a point or authority not urged by the parties, the court should furnish counsel an opportunity to address it. *Dursteler v. Dursteler*, 108 Idaho 230, 697 P.2d 1244 (Ct. App.1985). Here, the lack of a written sale agreement was mentioned frequently at trial. The judge, in comments from the bench, referred to the statute of frauds. The statute was further discussed by counsel in connection with a motion to alter or amend the district court's decision. Issues relating to the statute were fully addressed.

**956**

Hansen next contends that consideration for the assignment was not wholly lacking because the instrument itself recited that the assignment was made in return for "ten dollars and other good and valuable consideration." [3] Accordingly, Hansen characterizes this case as one involving mere failure of the "other consideration." There is, of course, a difference between an utter lack of consideration and a failure of consideration. 1 W. JAEGER, WILLISTON ON CONTRACTS § 119A (3d ed. 1957). But the distinction is not dispositive in this case. Rescission is available when there is a substantial failure of consideration affecting the entire contract. *Mortensen v. Berzell Investment Co.*, 102 Ariz. 348, 429 P.2d 945 (1967); *Hofland v. Gustafson*, 132 Cal.App.2d 907, 282 P.2d 1039 (Cal.App. Dep't Super.Ct.1955); *Krause v. Mariotto*, 66 Wash.2d 919, 406 P.2d 16 (1965); *see generally* 17A C.J.S. *Contracts* § 420 (1963). It is similarly available when the parties reach an agreement later found to be invalid and unenforceable. *See Dursteler v. Dursteler, supra* note 2. This case fits both categories.

Finally, Hansen asserts that the house sale agreement was not reduced to writing because Good was contemplating bankruptcy and did not want to list the property as an asset. This, Hansen claims, was "inequitable conduct" disqualifying Good from receiving any equitable remedy such as rescission. In contrast, Good maintained that failure to prepare a written sale agreement simply resulted from "mutual procrastination." The district judge, having heard the testimony, made no finding that Good had acted inequitably. In light of the conflicting evidence, we will not second-guess the judge on this point.

The judgment of the district court, declaring rescission of the assignment, is affirmed. Costs to respondent Good. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

3. The district court made no finding as to whether the sum of ten dollars actually was paid. The evidence at trial was conflicting. In any event, we deem ten dollars not to be a substantial part of the consideration promised for the assignment.