793 P.2d 720

**Lyn G. CHRISTENSEN, Plaintiff–Respondent,**

v.

**Leo P. RUFFING and Edith Ruffing, husband and wife, Defendants–Appellants.**

No. 18171.

Court of Appeals of Idaho.

June 4, 1990.

M. Karl Shurtliff, Boise, for defendants-appellants.

Davison, Copple, Copple & Copple (Terry C. Copple argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is an appeal from a judgment establishing an access easement in favor of the respondent, Lyn Christensen, across land owned by the appellants, Leo and Edith Ruffing. The trial court determined that the parties had entered into an oral agreement for the grant of a permanent easement. The appellants argue that the trial court's findings were not based on substantial evidence. The Ruffings also contend the court erred in holding that they were estopped from asserting the statute of frauds as a defense. Alternatively, the Ruffings maintain that even if the trial court's determinations are valid, the court erred by failing to provide an adequate description of the scope of the easement. We affirm that part of the judgment finding the existence of an oral agreement to grant an easement. However, we conclude that the judgment does not sufficiently describe the easement. We therefore remand the case for a more definite finding regarding the location and width of the easement.

The facts are set forth as follows. In 1971, the respondent, Lyn Christensen, and her then husband, Warren Tozer, purchased a forty acre tract of real property near Boise.[1] The parcel is described as: "The SW ¼ of the NW ¼ of Section 10, T. 2 N., R. 3 E., B.M...." The Ruffings own property adjoining the Christensen tract directly to the North. That property is described as the "S ½ of the SW ¼ of the NW ¼ of the NW ¼ of Section 10, T.2N., R. 3 E., B.M...." The western borders of both properties follow along the west boundary line of Section 10.

When Mrs. Christensen and her late husband purchased the land, they used a dirt trail that existed along the section line for access to their property. In 1974 Christensen and her husband decided to build a residence on the property. Christensen's husband approached the Ruffings and proposed the construction of an access road to be located where the dirt trail was situated. The road would benefit both parties by providing access to each party's tract of land. The parties thereafter agreed to the creation of a graveled road along the section line and they shared the cost of its construction. However, the parties never reduced their agreement to writing.

Late in 1985 or in 1986, Christensen listed her property for sale. Mrs. Ruffing unilaterally contacted Christensen's realtor, asserting that the Ruffings never intended to grant a *permanent* access easement and as a consequence any potential buyer would be required to choose an alternative route for access to Christensen's house. The realtor informed Christensen of Mrs. Ruffing's phone call. Prior to Christensen's decision to sell her property, the Ruffings had not objected to Christensen's use of the section-line access route.

Christensen filed this action in district court, asserting that she and her late husband had entered into an oral agreement with the Ruffings for grant of a permanent access easement along the western section line across the Ruffings' property.[2] The Ruffings defended by asserting that the agreement between the parties was for a temporary, not permanent, easement. The Ruffings also maintained that the oral

---

1. Mr. Tozer died in 1983, before this action was commenced in 1988. In the meantime, the respondent had remarried. To avoid confusion, we will continue to refer to the land as Christensen's.

2. In her complaint, Christensen also asserted an easement by prescription, by necessity and by implication. The district court, however, made no findings on those alternative theories when it decided Christensen had established the express grant of an easement.

agreement violated the statute of frauds.[3] The district court found that the parties had entered into an oral agreement for an easement; that the easement was permanent, not temporary; and that it would be inequitable to allow the Ruffings to assert the statute of frauds. This appeal followed.

We first address the Ruffings' contention that the district court erred in concluding that the parties entered into an express agreement that Christensen would be granted a permanent access easement. Specifically, the Ruffings argue that the court ignored testimony offered by them to refute Christensen's allegations with regard to the duration of the easement. In particular the Ruffings maintain that there was not substantial evidence to support the district court's finding of fact No. 8. This finding states:

8. Mr. Ruffing contends that the oral agreement was that the plaintiff and her husband would have access over the gravel road only while they were constructing the house. I do not find his version of the agreement credible. First, the house was positioned on the lot because of the access road. It is unlikely that this decision would have been made if another easement location was intended once construction was completed. Since the decision about where to build was made closer to the time of the agreement, it is good circumstantial evidence of the plaintiff's version of the agreement. Secondly, it is not reasonable that the defendants would pay part of the cost of a temporary access road which would not benefit them but would be for the benefit of another. Thirdly, it strains all reason to think that someone would help maintain and permit the use of a "temporary" road for years without complaint and without expressing dissatisfaction. Ten years elapsed before any objection was made. It is also apparent

that the defendants have experienced problems with their use of the road, primarily the dust, and the traffic. Their unhappiness may explain their position in this litigation.

Ruffings maintain that the foundation upon which the judge rejected Ruffings' version of the agreement is flawed. We disagree.

Our review of findings of fact is limited. We do not weigh the evidence as does the trial court; rather we inquire whether the finding is supported by substantial, albeit conflicting, evidence. *Pointner v. Johnson,* 107 Idaho 1014, 695 P.2d 399 (1985); *Knowlton v. Mudd,* 116 Idaho 262, 775 P.2d 154 (Ct.App.1989). If the record discloses substantial evidence to support any particular finding, that finding will not be deemed clearly erroneous under I.R.C.P. 52(a). Evidence will be deemed "substantial" if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Knowlton, supra.* Correlative to weighing the evidence, the trial court possesses the unique opportunity to assess the credibility of the witnesses appearing personally before it. *Glenn v. Gotzinger,* 106 Idaho 109, 675 P.2d 824 (1984). We will not substitute our judgment of credibility for that of the trial court. *Jensen v. Westberg,* 115 Idaho 1021, 772 P.2d 228 (Ct.App. 1988).

After careful review of the record, we must reject the Ruffings' contention that the district court's findings were not based on substantial evidence. The trial court examined the testimony relating to the plausibility of each parties' version of the oral agreement terms. Christensen's evidence indicated that the easement granted by the Ruffings was permanent; Mr. Ruffing testified to the contrary, claiming the easement was only temporary. The judge decided that Christensen's version was more credible than the Ruffings'. We hold

---

**3.** The Ruffings did not plead the statute of frauds as an affirmative defense in their answer to Christensen's complaint. *See* I.R.C.P. 8(c). However, the issue was litigated at trial without objection by Christensen; she essentially contended that performance of the agreement re-

moved the agreement from strict application of the statute of frauds. Neither party questions the propriety of the court's consideration of the statute under these circumstances. *See Good v. Hansen,* 110 Idaho 953, 719 P.2d 1213 (Ct.App. 1986).

that substantial evidence supports the trial court's determination that the easement was a permanent one.[4]

 We next turn to the Ruffings' assertion that the court erred in determining that they were "equitably estopped" from raising the statute of frauds as a defense. The trial court concluded that it would be inequitable to permit the Ruffings to assert the statute of frauds. This conclusion was based on the facts that the road had been jointly constructed and that Christensen relied on the agreement in choosing the location of her house in relation to the access road. The trial court's conclusion, thus, was not in terms of estoppel *per se;* rather the court simply concluded that application of the statute of frauds would be inequitable.

In *Bob Daniels and Sons v. Weaver,* 106 Idaho 535, 681 P.2d 1010 (Ct.App.1984) (review denied) we stated, in a case involving the grant of an easement pursuant to an oral agreement, that an oral agreement may be removed from the strictures of the statute of frauds by part or full performance. This exception is grounded in equity. *International Business Machines Corp. v. Lawhorn,* 106 Idaho 194, 677 P.2d 507 (Ct. App.1984). This exception protects a party who demonstrates reliance upon an oral contract by acts that would not have been done except for the contract. *International Business Machines Corp., supra.* Unlike the holding in *Weaver,* the trial court here found that Christensen made a particularized showing of reliance by demonstrating that the location of her house was determined by the location of the access road. The trial court also expressly held that this conduct was solely referable to the oral agreement. We defer to the trial court's findings of fact, but when applying these facts to the law, we exercise free review. *Standard of Appellate Review in State and Federal Courts,* IDAHO APPELLATE HANDBOOK § 3.2.2. (Idaho Law Foundation, Inc., 1985). We agree

with the conclusion of the trial court, albeit on the ground that the oral agreement was performed rather than on a general invocation of "equity." We hold that the oral agreement was not rendered unenforceable by the statute of frauds.

 Finally, we examine the Ruffings' argument that the district court failed to define the scope of the easement. Idaho law requires that a judgment which affects an interest in real property must describe the interests with such certainty that rights and liabilities are clearly fixed. *Palmer v. Fitzpatrick,* 97 Idaho 925, 557 P.2d 203 (1976); *Seccombe v. Weeks,* 115 Idaho 433, 767 P.2d 276 (Ct.App.1989). The judgment must be particularized to the extent that the parties readily understand their respective rights and obligations pursuant to the judgment. *Sinnett v. Werelus,* 83 Idaho 514, 365 P.2d 952 (1961). Inherent in the notion that the judgment be particularized, the judgment should contain a precise description of the width and location of the easement. *Seccombe, supra,* 115 Idaho at 437, 767 P.2d at 280. Here, the judgment contains no legal description defining the boundaries of the easement.

Consequently, we affirm the judgment of the district court insofar as it determines that there is an easement. However, we remand the case for entry of an amended judgment definitively describing the boundaries of that easement.

Costs to the respondent, Christensen. No attorney fees awarded on appeal.

BURNETT and SWANSTROM, JJ., concur.

---

**4.** Curiously, Christensen attached as an exhibit to her complaint a copy of a deed to her from Ruffings' predecessor, showing the conveyance to her of an easement thirty feet wide previously reserved by the Ruffings' grantor along the western boundary of Section 10, for unrestricted and unlimited use as a roadway. However, this document was not offered in evidence by Christensen.