**Gary T. WOODS**

v.

**Elizabeth A. LIBBY.**

Supreme Judicial Court of Maine.

Submitted on briefs Nov. 17, 1993.

Decided Dec. 27, 1993.

Eliot Field, Wiscasset, for plaintiff.

John J. Lynch, Damariscotta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Gary Woods appeals from judgment entered in the Superior Court (Lincoln County, *Perkins, J.*) denying his request for declaratory and injunctive relief against Elizabeth Libby, who had blocked access to a driveway on her land used by Woods to reach his land. Because the trial court's finding that the original oral agreement that allowed Woods's predecessor in interest to use the driveway did not establish an easement through equitable estoppel or otherwise was not clearly erroneous, we affirm the judgment.

In 1972 Carmelo and Theresa Allia bought an undeveloped lot of land bordering the Sheepscot River in Edgecomb to build a summer home. Walter and Astrid Krouse owned the lot next door, where they resided in a cottage during the summers. Shortly after the Allias had purchased the lot, a new shoreland zoning ordinance came into effect that would have precluded the building of any dwelling on the property, unless it were constructed within one year. In late May 1973 Krouse orally agreed to allow Allia to build a driveway on the Krouse property, and in exchange Allia agreed to pay for the improvements, including paving and the con-

struction of a turnaround, as well as to maintain the new driveway. The driveway provided access to the Allia lot, which because of a steep embankment running along the road, made the construction of a driveway on the Allia land very difficult.[1]

The Allias continued to use the driveway on the Krouses' property for the nine years that they owned it, without objection from the Krouses. In 1981 the Allias sold their property to Orman J. Wade. Although the Krouses did not grant Wade the same permission to use the driveway, they did not object to his sporadic seasonal use of it. In late 1984 Gary Woods became interested in buying the property from Wade. During the negotiations, Wade told Woods that the use of the driveway was premised on an oral agreement between the Krouses and the former owners of his property. Woods did not seem troubled by this and he did not attempt to determine whether that oral permission would continue.

Woods did not visit his new property very often, but when he did, he used the right of way. This did not present a problem until 1986 when Elizabeth Libby, who had been deeded the property by her mother, Astrid Krouse,[2] posted a notice near the driveway stating that it was not to be used by anyone who might want a claim to a prescriptive easement. She filed a similar notice in the Lincoln County Registry of Deeds. When Woods became aware of Libby's posting of the driveway, sometime in 1987, he attempted to gain a deeded right-of-way. When that effort failed, he filed suit for injunctive relief. This action was dropped, however, when Woods was unable to effect service.[3]

The issue arose again in the spring of 1992 when Libby blocked the driveway with logs. Woods filed a four-count complaint requesting declaratory and injunctive relief. After trial, the court denied Woods's request for relief, finding that an easement had not been established through the principle of equitable estoppel.

Woods contends that the trial court made mistakes of fact and law in its decision. With regard to the alleged error of fact, Woods specifically takes issue with the court's conclusion that Krouse gave Allia oral permission to build a driveway on the Krouse land for the limited purpose of making the construction of a house on the Allia lot less difficult. We will not set aside the trial court's factual determinations unless they are clearly erroneous, that is, if there is no competent evidence in the record to support those findings. *Morin Bldg. Prods. Co., Inc. v. Atlantic Design & Constr. Co., Inc.,* 615 A.2d 239, 241 (Me.1992). It is true that the court could have reached a different conclusion, that is, that Krouse intended to grant the Allias a long-term use of the right of way. Such a finding would be supported by the fact that the Allias did use the driveway long after their cottage was built. Nevertheless, there is competent evidence in the record to support the court's conclusion that the grant was not meant to be permanent. Specifically, there was testimony from Libby and neighbors that the agreement was only to make construction of the Allia cottage easier. There was also the admission of entries from Walter Krouse's diary noting that only a "verbal okay" was given to Allia to build the driveway at the time he started construction of his house.

Furthermore, the court found "that the parties intended that the Allias have no permanent, transferable easement right over the Krouses' land. This is consistent with the fact that they did not reduce the agreement to writing." This finding is supported by the record and causes Woods's legal theory to unravel. Woods argues that the trial court made an error of law when it concluded that he did not have a right to use the driveway through establishment of an equitable easement. The trial court examined the

---

1. Landowners in the area who have similarly steep grades have constructed parking "pads" off the main road where they can park their vehicles and walk down to their property.

2. Walter Krouse had died in 1985, leaving the property to Astrid in its entirety.

3. In fact, Woods had to request relief from judgment pursuant to Rule 60(b) from this earlier action. The court granted this relief prior to hearing the merits of the instant case.

original agreement between Krouse and Allia and determined that no easement had been created through estoppel. This conclusion is supported by the court's factual finding that Krouse did not intend his oral permission to create a permanent or transferable interest in the driveway.

The cases Woods cites for the proposition that the original grant to use a right of way could ripen into easements in favor of the subsequent takers do not support his position. In one of these cases, the court pointed out that the road in issue was the *only* means of access to the plaintiffs' lands. *Holbrook v. Taylor,* 532 S.W.2d 763, 766 (Ky.1976). That is certainly not the case here, as there was evidence presented that Woods could construct a parking pad or build a driveway on his own land, despite the inconvenience it may cause him. In another case, the court affirmed the trial court's factual finding that the oral agreement between the parties provided for a permanent easement and that the defendant was "equitably estopped" from asserting the statute of frauds. *Christensen v. Ruffing,* 117 Idaho 1047, 1049–50, 793 P.2d 720, 722–23 (1990). We, too, must affirm the trial court's factual findings that are competently supported by the record.

The entry is:

Judgment affirmed.

All concurring.