**Denise BARKER**

v.

**ST. MARY'S REGIONAL MEDICAL CENTER.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 10, 1995.

Decided Aug. 2, 1995.

---

Anthony K. Ferguson, Fales & Fales, P.A., Lewiston, for plaintiff.

Joanne I. Simonelli, Isaacson & Raymond, Lewiston, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

Denise Barker appeals from a judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) in favor of St. Mary's Regional Medical Center after a non-jury trial on Barker's claims for violation of the Family Medical Leave Act, 26 M.R.S.A. §§ 843–848 (1988 & Supp.1994) [hereinafter "Act"], and the Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4631 (1989 & Supp.1994). We affirm the judgment.

### Background

Denise Barker is a licensed practical nurse [hereinafter "LPN"] who has had diabetes since childhood. She began working for St. Mary's Regional Medical Center as an LPN in 1978. In December of 1989, Barker learned that she was pregnant. Because of complications related to her diabetes, she took a medical leave of absence from her LPN position in the C–3 unit at St. Mary's for the duration of the pregnancy.

On September 20, 1990, Barker met with Jacqueline Brayton, the Director of Human Resources for St. Mary's, and informed her that she could begin work again on October 15, 1990. Brayton told Barker that her old position had been upgraded to require a registered nurse [hereinafter "RN"] and had been filled on June 11, 1990. She offered Barker 3 employment opportunities: an LPN position on the C–2 unit, an LPN position at d'Youville Pavilion, the nursing home across the street which is affiliated with St. Mary's, or an on-call position with St. Mary's. Barker elected to take the on-call position and completed a change of status form to that effect on the same day she spoke with Brayton.

Without terminating her status as an employee of St. Mary's, Barker subsequently accepted positions with several other employers. Although full-time LPN positions have become available at d'Youville Pavilion, no such positions have arisen at the hospital. Barker rejected an offer to work full-time as an LPN at the nursing home.

Barker filed the instant complaint alleging a breach of contract and violations of the Family Leave and Maine Human Rights Acts against St. Mary's. The court granted St. Mary's motion for a summary judgment on the breach of contract count. After a non-jury trial on the remaining claims, the court found in favor of the hospital. Barker moved to amend the findings, to make additional findings and to alter or amend the judgment. The court denied the motion. This appeal followed.

### Discussion

The Family Medical Leave Act provides that:

Any employee who exercises the right to family medical leave under this subchapter, upon expiration of the leave, is entitled to be restored by the employer to the position held by the employee when the leave commenced or to a position with equivalent seniority status, employee benefits, pay and other terms and conditions of employment.

26 M.R.S.A. § 845(1). This subsection of the Act further states:

This subsection does not apply if the employer proves that the employee was not

restored as provided in this subsection because of conditions unrelated to the employee's exercise of rights under this subchapter.

*Id.* An employer does not violate the Act if the employer can prove such conditions unrelated to the employee's exercise of rights under the Act.

 We will not set aside the factual findings of the trial court unless they are clearly erroneous. *Woods v. Libby,* 635 A.2d 960, 961 (Me.1993). The court found that the hospital reclassified Barker's former C-3 position from LPN to RN due to "concerns about accreditation which had existed before plaintiff's medical leave and was an escalating matter of concern at the hospital. The change of position was unrelated to plaintiff's medical conditions or her medical leave." It further found that accreditation concerns prompted the hospital to upgrade a significant number of LPN positions to RN positions. The record amply supports these findings.

In Barker's former C-3 unit, for example, the percentage of work performed by RNs increased from 30% to 90%. The hospital initially attempted to cover Barker's position with on-call employees. Because of difficulties associated with this method, the hospital was out of compliance with Joint Commission for Accreditation of Hospitals [hereinafter "JCAH"] standards most of the time. In June of 1990, with the summer and its attendant requests for vacations on the horizon, the charge nurse of the C-3 unit determined it was necessary to convert Barker's LPN position to an RN position.

From 1990-92, the hospital continued to decrease LPN positions and increase RN positions to meet JCAH standards. Several reductions in LPN work force occurred. The hospital has been steadily decreasing its reliance on LPNs for several years.

Since no discrimination has been established, Barker's further contention that St. Mary's violated the Maine Human Rights Act also fails.[1]

---

**1.** 5 M.R.S.A. § 4572(1)(A) (1989), *amended by* P.L.1991, ch. 99, § 7 (substituting "disability" for "handicap" wherever appearing), provided

The entry is:

Judgment affirmed.

All concurring.

that it was unlawful employment discrimination for any employer to discriminate based, *inter alia,* on sex or physical handicap.